[Civ. No. 43847. Second Dist., Div. One. May 24, 1974.]

AVELINA CORIELL et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SAFEWAY STORES, INCORPORATED, Real Party in Interest.

488

COUNSEL

Daniel C. Lavery, Sanford N. Nathan and David Grabill for Petitioners.

No appearance for Respondent.

McLaughlin & Irvin and Ralph J. Scalzo for Real Party in Interest.

## OPINION

**THOMPSON J.**—The petition for writ of mandate which is here before us raises the validity of a trial court order deferring discovery in the form of interrogatories by the plaintiffs in a class action until after a hearing by the trial court to determine class worthiness, i.e., the constitution of the class; common, similar, and unique questions of fact and law; superiority of the class action to other available methods of adjudication; membership of the class representatives in the class, and the ability of the class representatives fairly and adequately to protect the interests of the class. We conclude that an order which denies the class action plaintiffs discovery by interrogatories upon the issues to be considered at such a hearing is, absent a specific showing of good cause why it should be issued, one in excess of the jurisdiction of the trial court in the sense that "jurisdiction" is used in matters of discovery. We conclude also that the party served with interrogatories pursuant to Code of Civil Procedure section 2030 has the burden of persuasion in establishing good cause why they should not be answered and that good cause for a protective order against all discovery is not necessarily established by a showing that some of it will be oppressive. Accordingly, we order the issuance of a peremptory writ of mandate directing the trial court to vacate its order deferring plaintiffs' discovery and to rehear the issue placing the burden of persuasion upon defendant, the party resisting discovery, and exercising its sound discretion to determine "such portion of the [interrogatories] which [appear] to the court to be of sufficient importance to override the considerations of burden, while disapproving such portions which do not." (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 380 [15 Cal.Rptr. 90, 364 P.2d 266].)

On March 29, 1973, petitioners filed their complaint in the superior court naming real party in interest (Safeway) as defendant. The complaint is a class action framed in eight counts. In essence, it seeks injunctive relief and damages alleging that deliberate and negligent mislabeling of packaged meat sold by Safeway at self-service meat counters in its branch stores has damaged and will continue to damage those customers who purchased meat from Safeway relying upon labels which described the content of the labeled packages as meat of a higher grade than that actually contained in the packages. Safeway's answer denies the charging allegations of the complaint. It asserts the affirmative defense, among others, that the lawsuit may not be maintained as a class action "because the questions of law and fact common to the class are not substantially similar, and do not predominate over the questions affecting the individual members."

On October 31, 1973, pursuant to Code of Civil Procedure section 2030, petitioners served written interrogatories numbered 1 through 167 with subnumbers upon Safeway. Safeway answered interrogatory number 85, seeking the factual basis of its affirmative defense, that the lawsuit lacked substantially similar questions of law and fact which predominated over questions affecting individual members of the class, and also answered interrogatories 86 and 87 seeking the factual basis of other affirmative defenses. Safeway responded to the other interrogatories with a motion to extend its time to answer or object and a motion to defer its obligation to respond to the unanswered interrogatories until after the trial court determined the class worthiness of the action in a hearing then scheduled. It supported its motions with a declaration of its counsel to the effect that Safeway operates in excess of 500 retail stores in California and packages over seven million cuts of meat per week, that with the exception of interrogatories 85, 86 and 87, the interrogatories served upon it seek information relating to liability of Safeway to petitioners, and that response to the interrogatories other than 85 through 87 will be burdensome, onerous, expensive, and time consuming because seven of them request information unique to each Safeway store in California. The declaration states also that an answer to interrogatory 3 "will require considerable effort to research and compile a list of names, present addresses and telephone numbers of all the store and meat managers employed by Safeway . . . from January 1, 1969 to March 28, 1973." It notes that a hearing on class worthiness is scheduled for January 25, 1974. A declaration of Dessi Cappellanti, meat merchandiser of Safeway, states that many hundreds of man-hours will be required to collect the information requested by the interrogatories and that it will require nine months "to conduct the investigation necessary to determine whether the requested information is available and to gather the information necessary to answer the interrogatories."

Safeway's answer to interrogatory 85 states the factual basis for its affirmative defense of lack of class worthiness. The answer declares in part that a group of plaintiffs as customers of a particular Safeway Store "would be faced with a different set of operative facts than all other plaintiffs" because of "substantial variations in the existence and frequency of mislabeled meat cuts from store to store." It continues that the affirmative defense is based upon an assumed requirement that petitioners establish an intent to mislabel or negligent mislabeling.

Declarations filed by Safeway in connection with earlier proceedings in the lawsuit state the existence of area-wide policies with respect to packaging and labeling of Safeway meats as set forth in a meat department manual, geographic uniformity of nomenclature and specifications, a state-

wide practice with respect to the use of the label "club steak" which Safeway now uses to refer to a cut from "the short end of the rib," whereas in the past the term had been used to designate a cut from the loin, and similar state-wide policies of Safeway meat labeling.

Petitioners submitted points and authorities in opposition to Safeway's motion. The trial court heard the matter on December 13, 1971. It entered its order granting "Plaintiffs . . . 5 days to advise the Court by letter of such interrogatories as they feel should be answered prior to class action hearing," and Safeway five days to respond. By letter, petitioners designated approximately 40 of the interrogatories as not pertaining to the issue of class worthiness. Safeway responded with the general statement that all interrogatories except for 85, 86 and 87 pertained to liability and not maintainability of the class action. On December 31, 1973, the trial court entered its minute order that Safeway need not respond to any unanswered interrogatories previously served upon it until after "a class action hearing is held" and then only as required by subsequent court order. In its minute order, the court states: "Perhaps plaintiffs' counsel did not take seriously the Court's offer to allow plaintiffs to demonstrate that certain interrogatories should be answered even in advance of the determination that the action is maintainable as a class action, but in any event plaintiffs have failed to make any real showing in this respect."

Petitioners filed their application for a writ of mandate to review the trial court's order. ■■■ We issued our alternative writ.[1] Safeway's return attacks the application for peremptory writ on the merits and also asserts the defense of unclean hands, alleging that the class action has been filed against it to coerce its submission to a secondary boycott of lettuce sponsored by the United Farm Workers. Since the basis of the affirmative defense is, if established, also ground for a protective order against discovery that can be issued by the trial court pursuant to Code of Civil Procedure section 2019, we do not consider the defense here, leaving the factual issues raised by it to be resolved below.

■ On the merits, we conclude that the trial court order is in excess

[1]While the trial court bears primary responsibility for the conduct of civil discovery and possesses a concomitant wide discretion in ruling upon discovery matters (*Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d 355, 380, 383-384) an order of the trial court denying discovery will be overturned upon a prerogative writ if there is no substantial basis for the manner in which trial court discretion was exercised or if the trial court applied a patently improper standard of decision. (*Columbia Broadcasting System, Inc.* v. *Superior Court,* 263 Cal.App.2d 12 [69 Cal.Rptr. 348].) Here the grounds of review are present in the factual allegations of the petition for writ.

of its jurisdiction to the extent that: (1) it places the burden upon petitioners to demonstrate that they are entitled to answers to interrogatories rather than upon Safeway to establish factually that it is entitled to a protective order against being required to answer; and (2) it denies petitioners discovery on issues relevant to the subject matter of class worthiness of the lawsuit.

### Burden of Persuasion

█  The service and filing of interrogatories pursuant to Code of Civil Procedure section 2030 places the burden upon the interrogated party to respond by answer or objection. The obligation of response must be satisfied unless excused by a protective order obtained upon a factual showing of good cause why no response should be given. (*Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d 355, 388; *Durst* v. *Superior Court,* 218 Cal.App.2d 460, 467 [32 Cal.Rptr. 627]; Thompson, *Advocacy in Civil Discovery,* 42 L.A.Bar Bull. 504, 507.)[2]

█  Here the trial court's order reversed the burden of persuasion. Rather than requiring Safeway to present evidence of facts establishing good cause why it should not answer petitioners' interrogatories, it excused Safeway's obligation to answer until after the class worthiness hearing and thus denied petitioners discovery with respect to issues there involved because petitioners did not "demonstrate that certain interrogatories should be answered even in advance of the determination that the action is maintainable as a class action."

The order shifting the burden of persuasion cannot be sustained on the only possible theory on which it might properly have been issued, i.e., that Safeway made a sufficient showing of oppression in its motion to defer discovery so as to require rebuttal by petitioners. Except for a statement that interrogatories 3(a) through (j), 26, 27, 45, 122, and 123 seek information which is "unique to each and every Safeway store in the State of California," an assertion that "answering interrogatory number 3 will require considerable effort to research and compile a list of names, present addresses and telephone numbers of all the stores and meat managers employed by Safeway Stores, Incorporated from January 1, 1969 to March

---

[2]Los Angeles Superior Court Manual for Conduct of Pretrial Proceedings on Class Action Issues, section 427.7(g) states: "A motion to establish a precedence among issues in discovery may be made. (E.g., where discovery on the issue of liability may be expensive and time-consuming, a motion may be made limiting discovery to only class issues until an interlocutory order is made concerning those issues.)" Section 427.7(g) of the manual states a particular application of the protective order process but does not modify the controlling statutory and decisional law.

28, 1973," and a statement that "many hundreds of man hours" and "approximately nine months" will be required to supply the answers, Safeway's documentation in support of its motion for protective order is conclusionary and not factual in character. There is thus no affirmative showing at all by Safeway why any of the interrogatories other than those specified by it should not be answered. Although asserting that answers to some of the designated interrogatories will be oppressive because of the expenditure of time and money to compile data from records, Safeway omits any showing of why those interrogatories cannot be answered as permitted in Code of Civil Procedure section 2030, subdivision (c), which allows the interrogated party merely to specify the records from which the compilation can be made and to give to the interrogator the reasonable opportunity to inspect the records and make the compilation.

### Breadth of Protective Order

The trial court order cannot be sustained on the theory that it is a proper exercise of discretion deferring discovery which may prove to be unnecessary by reason of the resolution of other issues. The order is too broad to serve that purpose. Section 427.7(g) of the Los Angeles Superior Court Manual for Conduct of Pretrial Proceedings on Class Action Issues (quoted in fn. 2) quite properly states in effect that a protective order pursuant to Code of Civil Procedure section 2019 is appropriate to defer discovery on liability until after issues of class worthiness have been heard. Had the order in the case at bench been so limited, it would have been immune from attack in this court. The order, however, is by no means limited to deferring petitioners' right to responses going to liability. To the contrary, it excuses Safeway's response to interrogatories directly relevant to the subject matter of the hearing on class worthiness. Safeway's own answer to interrogatory 85 discloses a factual issue of "substantial variations in the existence and frequency of mislabeled meat cuts from store to store" which bears on class worthiness. Petitioners are entitled to discover prior to the hearing at which that factual issue will be litigated whether other facts rebut Safeway's assertion. Some of the interrogatories, notably 5 and 18, dealing with chain-wide labeling practices, 12, seeking information of diagrams of "primal cuts" of meat, and at least some of the interrogatories in the 130 through 167 series dealing with Safeway policy with respect to cutting and labeling of meat at individual stores, seek just that sort of information. Declarations filed by Safeway in connection with earlier proceedings in the action establish its convenient access to information necessary to answer a substantial portion of those interrogatories.

The trial court was not empowered to deny or defer response to the substantial portion of the interrogatories served upon Safeway by petitioners calling for information relevant to the subject matter of the pending hearing on class worthiness simply because some other portion of the interrogatories may have sought information more appropriately disclosable only if class worthiness were established. (*Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d 355, 380; *West Pico Furniture Co.* v. *Superior Court,* 56 Cal.2d 407, 416 [15 Cal.Rptr. 119, 364 P.2d 295].) It was required to tailor its order to the demands of the posture of the case before it.

### Conclusion

Because our review of the record indicates that the trial court misapplied the burden of persuasion with respect to Safeway's motion for protective order and because the trial court's order deferring discovery is overly broad in scope, the matter must be remanded to it for further proceedings consistent with this opinion. Since a further hearing must be held at which petitioner's interrogatories will be analyzed in detail by counsel and the court, we have made no effort ourselves to be either definitive or exhaustive in our consideration of individual interrogatories.

Let a peremptory writ of mandate issue directing the trial court to vacate its order of December 31, 1973, granting Safeway's motion, and to hold a new hearing on the motion in a manner consistent with this opinion.

Wood, P. J., and Hanson, J., concurred.