[Civ. No. 68211. Second Dist., Div. One. Nov. 17, 1983.]

HARTYOUN KIBREJ, Plaintiff and Appellant, v.
KATHERINE ANN FISHER, Defendant and Respondent.

**COUNSEL**

Leon Kirakosian for Plaintiff and Appellant.

Collins & Collins and Harold Q. Longenecker for Defendant and Respondent.

**OPINION**

**LILLIE, J.**—This is an appeal from an order issued by the superior court and entered in the minutes on March 8, 1982, levying attorneys fees and costs against plaintiff in the total amount of $957.50 for failure to attend or participate in his deposition.

Plaintiff filed an action to recover for personal injuries and property damage suffered in an automobile accident with defendant. The action is still pending. Plaintiff is of Syrian-Armenian descent, and his inability to comprehend and speak English necessitated the use of an interpreter during his deposition by defendant. Defendant provided an American interpreter certified by the Los Angeles County Superior Court. During the course of the deposition, plaintiff's counsel made objections to the use of the interpreter, claiming he was not qualified to interpret the detailed explanations which were part of the deposition. The deposition was terminated after almost four hours because of these objections, and defendant filed, inter alia, a motion for payment of attorneys fees, based on this termination of deposition and on plaintiff's prior failure to attend depositions. After a hear-

ing on the motion, the trial court ruled: "Defendant's expenses in the sum of $475.50 are allowed payable in 60 days. Attorneys fees are granted defendant's attorneys in the sum of $500.00 to be taxed as costs in the event that defendant prevails at the trial or deducted from plaintiff's judgment if plaintiff prevails." It is from this minute order that plaintiff appeals.

Appellant contends that (1) the trial court erred in finding his termination of the deposition to be without substantial justification; (2) the court abused its discretion in awarding expenses and attorneys fees, and (3) the court abused its discretion by arbitrary determination of its order. ■ However, we do not reach these contentions because an order levying sanctions for failure to make discovery is a nonappealable order.

■ A fundamental principle of appellate review is the rule that an appeal may be taken only from a final judgment in an action. This rule is codified in section 904.1 of the Code of Civil Procedure. The theory behind the rule is that piecemeal disposition and multiple appeals in a single action are oppressive and costly, and review of intermediate rulings should await the final disposition of the case. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 36, p. 4050.) ■ A recognized exception to this rule is the "collateral order doctrine," which permits an appeal from a final determination of a collateral matter which requires a party to immediately pay money or perform some other act. This doctrine was utilized in *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176], to allow an appeal from an order requiring payment of money as a sanction for failure to attend a mandatory settlement conference. *Wisniewski* was cited by the California Supreme Court in *Baugess* v. *Paine* (1978) 22 Cal.3d 626, 634, footnote 3 [150 Cal.Rptr. 461, 586 P.2d 942], in which an order imposing sanctions for attorney misconduct was held appealable as a final order on a collateral matter directing the payment of money.

However, the Supreme Court expressed a different view as to the appealability of orders levying sanctions for failure to make discovery. In deciding that an extraordinary writ was a proper remedy to review such an order, the court stated: "The better view is that an order made for the purposes of furthering discovery proceedings, or granting sanctions for refusal to make discovery, is not appealable [citations]." (*Lund* v. *Superior Court* (1964) 61 Cal.2d 698, 709 [39 Cal.Rptr. 891, 394 P.2d 707].) Although the court did not find it necessary to decide the question of the order's appealability, their "better view" was followed in *Munson* v. *Singer* (1965) 238 Cal.App.2d 697 [48 Cal.Rptr. 167], where an appeal was dismissed expressly because an order imposing sanctions for failure to appear at depositions was not appealable on its own. An appeal from a minute order imposing sanctions for refusal to answer questions during depositions was

dismissed on the same basis in *Freidberg* v. *Freidberg* (1970) 9 Cal.App.3d 754, 764 [88 Cal.Rptr. 451].

The appealable orders imposing sanctions in the *Baugess* and *Wisniewski* cases, *supra,* are distinguished from the nonappealable discovery-related sanctions which follow the *Lund* view, *supra,* 61 Cal.2d 698, in the more recent case of *People* ex rel. *Gow* v. *Mitchell Brothers' Santa Ana Theater* (1981) 114 Cal.App.3d 923, 937, footnote 15 [171 Cal.Rptr. 85] (revd. and remanded on other grounds (1981) 454 U.S. 90 [70 L.Ed.2d 262, 102 S.Ct. 172]). Thus, the order levying sanctions for noncompliance with discovery orders was nonappealable on its own, but was properly before that court for review since the final judgment in the case had been entered.

 The purported appeal before us also seeks review of an order imposing sanctions for refusal to make discovery. Plaintiff had but did not take the opportunity to seek review of the order by timely petition for extraordinary writ. However, he may seek review after final judgment has been entered in the cause.

The appeal is dismissed.

Spencer, P. J., and Hanson (Thaxton), J., concurred.