[No. B022765. Second Dist., Div. Seven. May 15, 1987.]

RICHARD W. POE, Plaintiff and Appellant, v.
BETH DIAMOND, Defendant;
HOWARD F. SILBER, Movant and Respondent.

COUNSEL

Richard W. Poe, in pro. per., for Plaintiff and Appellant.

Howard F. Silber, in pro. per., for Movant and Respondent.

OPINION

LILLIE, P. J.—Plaintiff Richard Poe appeals from order directing him to pay $500 to Howard Silber, defendant's attorney, for plaintiff's failure to attend and proceed with the taking of Silber's deposition on the date noticed by plaintiff.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 1986, defendant moved to set aside her default and the default judgment entered against her in plaintiff's unlawful detainer action. The motion was supported by Silber's declaration setting forth facts purportedly showing that the default was taken by reason of mistake, inadvertence and excusable neglect on the part of defendant and her attorney, declarant Silber. Plaintiff concluded that it was necessary to obtain Silber's testimony in order to prepare plaintiff's response to the motion. Accordingly, on March 18, 1986, plaintiff served Silber with notice of the taking of his deposition and notice to produce documents, together with a subpoena and subpoena duces tecum commanding him to appear for the taking of his deposition and produce the required documents. Plaintiff mistakenly believed the notice as well as the subpoenas fixed the date of April 2, 1986, for the taking of the deposition; in fact, the notice specified March 28, 1986, as the date for the taking of Silber's deposition and requested that the documents be produced on or before April 2, 1986. On March 26, 1986, plaintiff sent Silber a letter enclosing a check for $37 in payment of witness fees and mileage and confirming April 2 as the date of the deposition; Silber received the letter March 27. On March 28, 1986 at 10 a.m., the date and time specified in the notice, Silber appeared for the taking of his deposition. Plaintiff was not there. Silber telephoned plaintiff stating he was present for his deposition at the place designated in the notice; plaintiff replied that Silber's deposition was noticed for April 2 and did not appear on March 28 to take his deposition. On April 2, 1986, plaintiff appeared at the place noticed to accept delivery of the subpoenaed materials and take Silber's deposition. Silber appeared but refused to have his deposition taken.

On April 7, 1986, pursuant to Code of Civil Procedure section 2019, subdivision (g)(1),[1] Silber moved for an order requiring plaintiff to pay him the amount of the reasonable expenses, including attorney fees, incurred by him in appearing for his deposition on March 28. By minute order entered April 21 the motion was granted in the amount of $500 "to defendant against plaintiff, payable in 30 days." Silber immediately advised plaintiff that the $500 was payable to him and was not an offset against the default judgment. (The judgment, in the amount of $3,287.20, remained in full force and effect, defendant's motion to set aside the default and default judgment having been denied Apr. 18.) On May 21 plaintiff executed and filed an acknowledgment of partial satisfaction of the default judgment in the sum of $500 to reflect reduction of the judgment by the amount plaintiff was ordered on April 21 to pay to defendant. On June 2, 1986, Silber moved for an order imposing sanctions on plaintiff for his failure to pay the $500 to Silber. By minute order entered June 26, 1986, the court denied the motion but corrected the order of April 21 nunc pro tunc to read: "Motion granted in amount of $500.00 to counsel Howard Silber against plaintiff payable within 30 days of this date." On July 24, 1986, a formal order was signed and filed directing that plaintiff pay $500 "as reasonable expenses payable to Howard F. Silber by plaintiff within thirty (30) days hereof" for plaintiff's failure to attend and proceed with the taking of Silber's deposition on March 28, 1986.

 ██ Plaintiff appeals from the order of July 24, 1986.[2]

DISCUSSION

I

By ordering plaintiff to pay Silber's expenses in appearing for his deposition, the trial court imposed sanctions against plaintiff. (See § 2019, subd. (g)(1); *Rosen* v. *Superior Court* (1966) 244 Cal.App.2d 586, 591-592 [53 Cal.Rptr. 347].)

██ The "collateral order doctrine" permits an appeal from a final determination of a collateral matter which requires a party to pay money or perform some other act. (*Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116, 119 [199 P.2d 668]; *Kibrej* v. *Fisher* (1983) 148 Cal.App.3d 1113, 1115 [196 Cal.Rptr. 454].) While the doctrine has been applied to make appealable orders imposing sanctions for an attorney's misconduct at trial (*Bauquess* v. *Paine* (1978) 22 Cal.3d 626, 634 fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942]) and for

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Plaintiff purports to appeal also from the minute orders of April 21 and June 26, 1986. Those orders are not separately appealable inasmuch as they were superseded by the order of July 24.

a party's failure to attend a mandatory settlement conference (*Wisniewski v. Clary* (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176]), it has been held not to apply to orders imposing sanctions for refusal to make discovery, such orders being reviewable only by timely petition for extraordinary writ. (*Kibrej* v. *Fisher, supra,* 148 Cal.App.3d 1113, 1115-1116; *People* ex rel. *Gow* v. *Mitchell Brothers' Santa Ana Theater* (1981) 114 Cal.App.3d 923, 937, fn. 15 [171 Cal.Rptr. 85], revd. and remanded on other grounds *sub nom. California* ex rel. *Cooper* v. *Mitchell Brothers' Santa Ana Theater* (1981) 454 U.S. 90 [70 L.Ed.2d 262, 102 S.Ct. 172]; *Freidberg* v. *Freidberg* (1970) 9 Cal.App.3d 754, 763-764 [88 Cal.Rptr. 451]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 86, pp. 107-108.) Accordingly, we could dismiss the appeal. However, inasmuch as the parties have fully briefed the propriety of the order from which plaintiff appeals and respondent does not challenge its appealability, we treat the purported appeal as a petition for writ of mandate to compel the trial court to set aside its order of July 24 (see *Barnes* v. *Molino* (1980) 103 Cal.App.3d 46, 51 [162 Cal.Rptr. 786]; *Estate of Hoertkorn* (1979) 88 Cal.App.3d 461, 463 , fn. 1 [151 Cal.Rptr. 806]; 9 Witkin, *op. cit. supra,* § 62, pp. 86-87) and proceed on that basis.

## II

■ Plaintiff contends section 2019 does not authorize an award of sanctions in favor of Silber because he was not a party to the underlying action. We agree.

Silber's motions for monetary sanctions were based exclusively on section 2019, subdivision (g)(1) which provides: "If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay that other party the amount of the reasonable expenses incurred by that other party and that other party's attorney in so attending, including reasonable attorney's fees." ■ Courts must give effect to the words of a statute according to their usual and ordinary meaning. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; *Gonzales & Co.* v. *Department of Alcoholic Bev. Control* (1984) 151 Cal.App.3d 172, 175 [198 Cal.Rptr. 479].) A word or phrase with a well-known and definite legal meaning will be construed to have that meaning when used in a statute. (*Plotitsa* v. *Superior Court* (1983) 140 Cal.App.3d 755, 762 [189 Cal.Rptr. 769].) Further, it is generally presumed that when a word is used in a particular sense in one part of a statute, it is intended to have that meaning if it appears in another part of the same statute. (*People* v. *Dillon* (1983) 34 Cal.3d 441, 468 [194 Cal.Rptr. 390, 668 P.2d 697].) ■ While the term "party" may have various meanings in different contexts, it basically means the plaintiff,

the defendant, and any other person who is allowed to appear in a proceeding. (48 Cal.Jur.3d, Parties, § 1, p. 83.) " 'Party' is a technical word having a precise meaning in legal parlance; it refers to those by or against whom a legal suit is brought, whether in law or in equity, the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons . . . ." (Black's Law Dict. (5th ed. 1979) p. 1010, col. 2; see also *Golatte* v. *Mathews* (M.D.Ala. 1975) 394 F.Supp. 1203, 1207, fn. 5.) ▉ In accord with the foregoing definitions, subdivision (a)(4) of section 2019 speaks of a "party to the record of any civil action or proceeding."[3] We construe the term "party" in subdivision (g)(1) to have the same meaning.

Silber was not a party in the technical, legal sense of the word as used in subdivision (g)(1). He was noticed to appear for the taking of his deposition as a nonparty witness and, as such, was served with a subpoena to compel his attendance. A witness subpoenaed and required to give a deposition is entitled to the same witness fees and mileage as if the subpoena required his attendance before the court in which the action or proceeding is pending. (§ 1986.5; see also *Di Napoli* v. *Superior Court* (1967) 252 Cal.App.2d 202, 204 [60 Cal.Rptr. 394]; Gov. Code, §§ 68093, 68097.) ▉ " 'The law fixes the fees of a witness and the only obligation incurred in the summoning of a witness is the obligation to pay the fees which the law fixes for the attendance of a witness. . . .' " (*Fabricant* v. *Superior Court* (1980) 104 Cal.App.3d 905, 911 [163 Cal.Rptr. 894], quoting from *McClenahan* v. *Keyes* (1922) 188 Cal. 574, 584 [206 P. 454].) ▉ Arguably, Silber appeared on March 28 in the dual capacity of nonparty witness and attorney for the defendant. While subdivision (g)(1), section 2019 authorizes payment of reasonable expenses incurred by the other party's attorney in attending a deposition which the party who gave notice thereof failed to attend, such payment must be made to the *other party*. There is no provision for direct payment to the attorney for such other party, the Legislature wisely having left it to attorney and client to work out the attorney's compensation without involving another party to the litigation by forcing him to pay sanctions in the form of expenses directly to the attorney.

In advance of the date noticed for the taking of Silber's deposition, plaintiff tendered to Silber a check in payment of statutory witness fees and mileage. Such was the only compensation to which Silber was entitled for his time and trouble in appearing for his deposition when plaintiff did not

---

[3]Subdivision (a)(4), section 2019, provides in pertinent part: "In the case of depositions of a party to the record of any civil action or proceeding or of anyone who at the time of taking the deposition is an officer, director or managing agent of that party, the service of a subpoena upon that deponent is not required if proper notice of the taking of the deposition is given to the attorney for the party or to the party, if the party has no attorney. . . ."

appear. Subdivision (g)(1), section 2019 does not authorize the order compelling plaintiff to pay sanctions to Silber on account of plaintiff's failure to appear for the taking of Silber's deposition noticed by plaintiff for March 28, 1986.

In view of this conclusion it is unnecessary to consider plaintiff's other claims of error in the imposition of sanctions under subdivision (g)(1), section 2019.

## III

Silber requests assessment of a penalty against plaintiff for taking a frivolous appeal. (§ 907; Cal. Rules of Court, rule 26(a); *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649-651 [183 Cal.Rptr. 508, 646 P.2d 179].) For obvious reasons the request is denied.

### DISPOSITION

We deem the purported appeal a petition for writ of mandate. Let a peremptory writ of mandate issue commanding the superior court to vacate its order of July 24, 1986, and enter in place thereof an order denying the motion of Howard F. Silber for an award of expenses, including attorney fees, for plaintiff's failure to appear for the taking of Silber's deposition on March 28, 1986. Plaintiff shall recover his costs on appeal.

Thompson, J., and Johnson, J., concurred.

A petition for a rehearing was denied June 9, 1987, and on June 2, 1987, the judgment was modified to read as printed above.