233 Cal.App.3d 1557 (1991)
285 Cal. Rptr. 691
ZAFAR A. RAO, Plaintiff and Appellant,
v.
DARIUS CAMPO et al., Defendants and Respondents.
Docket No. B053573.
Court of Appeals of California, Second District, Division Three.
September 12, 1991.
*1560 COUNSEL
Zafar A. Rao, in pro. per., for Plaintiff and Appellant.
Spray, Gould & Bowers, Andrew Jacobs and B. Eric Nelson for Defendants and Respondents.
*1561 OPINION
DANIELSON, J.
Zafar A. Rao (plaintiff) purports to appeal:
From orders made July 27, 1990, (1) granting the motion of Darius Campo (defendant) for a protective order with regard to about 200 interrogatories propounded by plaintiff, pursuant to Code of Civil Procedure[1] section 2030, subdivision (e); and (2) imposing monetary sanctions in the sum of $780.50 against plaintiff pursuant to sections 2030,[2] subdivision (e) and 2023, subdivision (b)(1); and
From orders made August 24, 1990, (3) denying plaintiff's motion to reconsider the July 27 orders (§ 1008); (4) imposing monetary sanctions against plaintiff, payable to defendant's counsel in the sum of $735, because of bad faith and frivolous tactics, under section 128.5,[3] and (5) imposing monetary sanctions against plaintiff in the sum of $750, payable to the County of Los Angeles.
We dismiss the purported appeals from the above orders as having been taken from nonappealable orders; however, we point out that those orders are reviewable on appeal from the final judgment in the main action.

DISCUSSION

I. Orders Dated July 27, 1990, Granting Protective Order and Imposing Discovery Sanctions in the Sum of $780.50

(1a) Historically, neither an order granting a motion for a protective order in a discovery matter, nor an order imposing monetary discovery sanctions, regardless of amount, has been appealable. (See, e.g., Slemaker v. Woolley (1989) 207 Cal. App.3d 1377, 1380-1382 [255 Cal. Rptr. 532]; Lund v. Superior Court (1964) 61 Cal.2d 698, 709 [39 Cal. Rptr. 891, 394 P.2d 707]; Mobil Oil Corp v. Superior Court (1976) 59 Cal. App.3d 293, 303 [130 *1562 Cal. Rptr. 814]; Coriell v. Superior Court (1974) 39 Cal. App.3d 487, 489 [114 Cal. Rptr. 310]; Clausing v. San Francisco Unified School Dist. (1990) 221 Cal. App.3d 1224, 1241 [271 Cal. Rptr. 72]; see generally, 27 Cal.Jur.3d (pt. 2), Discovery and Depositions, § 319, pp. 411-413.)
In 1989 the Legislature enacted amendments to section 904.1 which have raised the question whether an appeal may now be taken from a judgment or order imposing monetary discovery sanctions if the amount exceeds $750.[4]
Based on our review of the legislative history of that enactment, the language of that section, and relevant case law, we hold that section 904.1, as amended in 1989, effective January 1, 1990, does not make monetary discovery sanction orders over $750 appealable.
Considered by itself, the amendment to subdivision (a) of section 904.1 seems to pose no problem. It simply and clearly provides that any judgment or order for the payment of monetary sanctions, without qualifications or restrictions as to amount, may be reviewed by an appellate court, at the discretion of that court, upon petition for extraordinary writ. When subdivision (a) is read in conjunction with the new subdivision (k) an issue may arise as to its meaning and that of subdivision (k) because subdivision (a) refers to a "judgment or order," while subdivision (k) refers only to a "judgment." Confusion has arisen as to the effect of the new subdivision (k) of section 904.1 on the appealability of monetary discovery sanction orders.
(2) It is a paramount rule of statutory interpretation that where a statute's provisions are unclear, the court must first ascertain the Legislature's intent and then give it effect. (§ 1859; Taxpayers to Limit Campaign Spending v. Fair Pol. Practices Com. (1990) 51 Cal.3d 744, 764 [274 Cal. Rptr. 787, 799 P.2d 1220]; Select Base Materials v. Board of Equal. (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) In contrast, where the language of a statute is clear, there is no room for interpretation. (Regents of University of California v. Public Employment Relations Bd. (1986) 41 Cal.3d 601, 607 [224 Cal. Rptr. *1563 631, 715 P.2d 590].) As discussed, post, the 1989 amendment of section 904.1, which amended subdivision (a) and added subdivision (k), is unclear.
(1b) The legislative history of the 1989 amendment to section 904.1 reveals that the amendment was proposed by the Judicial Council for the purpose of reducing and limiting the class of judgments and orders imposing monetary sanctions which could be immediately and independently appealed before entry of final judgment in the main action. In enacting the amendment the Legislature adopted the council's purpose, which thus became the Legislature's intent.
Since the legislative intent behind the 1989 amendment to section 904.1 was to limit the appealability of monetary sanction judgments, that is, to reduce the number of appeals from such judgments, we conclude that to effectuate that intent subdivision (k) of section 904.1, which makes appealable a "judgment directing payment of monetary sanctions ... only if the amount exceeds ... [$750]," cannot be read to include monetary discovery sanction orders since such orders were never appealable prior to that amendment. To hold otherwise would be to enlarge, rather than to reduce and limit, the class of appealable monetary sanction judgments.
In Kohan v. Cohan (1991) 229 Cal. App.3d 967 [280 Cal. Rptr. 741] the court acknowledged that the legislative intent of the 1989 amendment was to restrict rather than expand the category of appealable sanction awards; however, the court disregarded that intent in favor of what it perceived to be the "plain meaning" of the language in subdivision (k) of section 904.1 as including discovery sanction orders over $750 as appealable orders. (Id. at pp. 970-971.)
We reject that conclusion by the Kohan court as untenable.[5] The analysis of the Kohan court in reaching its conclusion is somewhat confusing and contradictory. First, the court noted that it "previously has held [a monetary discovery sanction] order is not appealable but may be reviewed by extraordinary writ or on appeal from the final judgment. [Citations.]" (229 Cal. App.3d at p. 969.) The court then observed that after those cases had been decided subdivision (k) was added to section 904.1, providing that an appeal may be taken "`[f]rom a superior court judgment directing the payment of monetary sanctions ... only if the amount exceeds ... [$750].'" (Ibid.)
The Kohan court concluded: "As to whether subdivision (k) applies to make appealable sanction orders for discovery abuses which exceed $750, *1564 this would appear on the face of the subdivision to be the case." (229 Cal. App.3d at p. 970.) The Kohan court reasoned: "Although subdivision (k) refers to a sanction `judgment,' it can be construed to refer to an order as well." (Ibid.)[6]
The analytical gap in the above reasoning is readily apparent: If the language of subdivision (k) has a "plain meaning" there is no room for interpretation, and thus, the word "judgment" in that subdivision cannot be construed to encompass an "order." (Regents of University of California v. Public Employment Relations Bd., supra, 41 Cal.3d 601, 607; accord, Walker v. Superior Court (1988) 47 Cal.3d 112, 121 [253 Cal. Rptr. 1, 763 P.2d 852].)
(3) Moreover, case law has established that not all orders are judgments. An order may be deemed to be, and treated as, a judgment under certain circumstances, but an order is not always a judgment.

The One Final Judgment Rule
(4) In California the right to appeal in civil actions is wholly statutory. (Supple v. City of Los Angeles (1988) 201 Cal. App.3d 1004, 1009 [247 Cal. Rptr. 554].) In order to exercise that right an appellant must have standing to appeal, and must take an appeal from a statutorily declared appealable judgment or order. Standing to appeal is conferred by section 902 which provides, in part, that "Any party aggrieved may appeal in the cases prescribed in this title." With certain exceptions, not germane to this case, appealable judgments and orders are listed in section 904.1.
(5) The appealability of judgments and orders in California is governed by the "one final judgment" rule. "A judgment is the final determination of the rights of the parties in an action or proceeding." (§ 577.) It is black letter law that "`[i]f the original ruling is not final and appealable in its own right, then it is not a judgment....' [Citation.]" (I.J. Weinrot & Son, Inc. v. Jackson (1985) 40 Cal.3d 327, 331 [220 Cal. Rptr. 103, 708 P.2d 682].)
*1565 Generally speaking, under the one final judgment rule, interlocutory or interim orders are not appealable, but are only "reviewable on appeal" from the final judgment. "The theory behind the rule is that piecemeal disposition and multiple appeals in a single action are oppressive and costly, and review of intermediate rulings should await the final disposition of the case. [Citation.]" (Kibrej v. Fisher (1983) 148 Cal. App.3d 1113, 1115 [196 Cal. Rptr. 454].)

The Collateral Order Doctrine Exception to the One Final Judgment Rule
(6) "A recognized exception to [the one final judgment] rule is the `collateral order doctrine,' which permits an appeal from a final determination of a collateral matter which requires a party to immediately pay money or perform some other act." (Kibrej v. Fisher, supra, 148 Cal. App.3d 1113, 1115.) "When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken. [Citations.] This constitutes a necessary exception to the one final judgment rule. Such a determination is substantially the same as a final judgment in an independent proceeding. [Citations.]" (In re Marriage of Skelley (1976) 18 Cal.3d 365, 368 [134 Cal. Rptr. 197, 556 P.2d 297]; Henneberque v. City of Culver City (1985) 172 Cal. App.3d 837, 841 [218 Cal. Rptr. 704]; In re Marriage of Van Sickle (1977) 68 Cal. App.3d 728, 734-735 [137 Cal. Rptr. 568].)

Discovery Sanction Orders Not Within Scope of Collateral Order Doctrine
(7) Monetary discovery sanction orders have never been and are not considered to be final orders in a collateral matter or proceeding. Our Supreme Court has ruled that "[t]he better view is that an order made for the purposes of furthering discovery proceedings, or granting sanctions for refusal to make discovery, is not appealable [citations]." (Lund v. Superior Court, supra, 61 Cal.2d 698, 709.)
In Slemaker v. Woolley, supra, 207 Cal. App.3d 1377, 1382 the court held "an order imposing sanctions under section 2025 for failure to make discovery on an attorney currently representing a party in a pending matter is not a separately appealable final order." It reasoned: "A contrary holding would defeat the purpose of section 904.1 and encourage multiple appeals in a single action. Discovery orders in a single lawsuit can be numerous and ongoing and provide limitless fodder for interim appeals." (Ibid.)

*1566 Discovery Orders Distinguished From Final Orders in Collateral Matters

The basic fallacy of the Kohan holding is its failure to distinguish between interlocutory or interim orders which are not appealable, e.g., orders imposing monetary discovery sanctions (see, e.g., Slemaker v. Woolley, supra, 207 Cal. App.3d 1377, 1380-1382), and final orders on collateral matters directing the payment of money or performance of an act, which are directly appealable, e.g., monetary sanctions under section 128.5 (see, e.g., Rabbitt v. Vincente (1987) 195 Cal. App.3d 170, 173-174 [240 Cal. Rptr. 524]) and section 177.5 (see, e.g., Seykora v. Superior Court (1991) 232 Cal. App.3d 1075 [283 Cal. Rptr. 857].)
That this distinction exists here is self-evident by a plain reading of section 904.1 as amended in 1989: Subdivision (k) was added and provides that an appeal may be taken "[f]rom a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750). Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." (Italics added.)
At the same time, subdivision (a) was amended to provide that "an appellate court may, in its discretion, review ... a judgment or order for the payment of monetary sanctions, upon petition for an extraordinary writ." (Italics added.)
(8a) When construed together and in context, the import of subdivisions (k) and (a) of section 904.1 both become ascertainable: Subdivision (k) authorizes an independent and immediate appeal, i.e., direct appeal, where a monetary sanction judgment exceeds $750, but if such judgment is $750 or less then "review on appeal" is available only after entry of final judgment in the main action or, at the discretion of the court of appeal, upon petition for an extraordinary writ.
Subdivision (k) of section 904.1 contains no provision for writ review where the monetary sanction judgment exceeds $750; however, such review is available pursuant to subdivision (a), which has no monetary restrictions and provides "an appellate court may, in its discretion, review ... a judgment or order for the payment of monetary sanctions, upon petition for an extraordinary writ."
We further conclude that an interlocutory or interim monetary sanction order, such as a monetary discovery sanction order, may also be subject to *1567 writ review pursuant to subdivision (a), which provides in this regard that "an appellate court may, in its discretion, review ... [an] order for the payment of monetary sanctions, upon petition for an extraordinary writ."
Thus subdivision (a) of section 904.1 supplements the remedy provided by subdivision (k) in that it permits immediate review, by extraordinary writ, of a monetary sanction judgment or order including a discovery order, whether or not it exceeds $750, at the discretion of the appellate court. This provides an effective procedure for the prompt review by an appellate court of a judgment or order imposing a monetary sanction in a situation in which such review is necessary in order to assure and protect the element of fairness which is essential to the administration of justice.
From the foregoing it is clear that the Legislature did not intend the words "judgment" and "order" to be interchangeable in section 904.1. The "plain" language of subdivision (k) thus speaks only of a "judgment directing payment of monetary sanctions," not of "a judgment or order for the payment of monetary sanctions," which is the "plain" language of subdivision (a). The term "judgment" in subdivision (k) includes only traditional final judgments and those final orders in collateral matters which are encompassed in the collateral order doctrine. A careful review of those two subdivisions in light of the legislative history of the 1989 amendment of section 904.1 and the traditional distinction between interlocutory and final orders also makes it clear that the words "judgment" and "order" are not always synonymous but, instead, may refer to different types of rulings.
We disagree with the Kohan court's preoccupation with the "plain meaning" of the language of section 904.1, subdivision (k) in isolation. Such language must be viewed, instead, in conjunction with the amendment of subdivision (a), which the Kohan court failed to address.
(9) It is a well-settled principle of statutory interpretation that the various parts of a statute must be considered as a whole to avoid absurd or anomalous results by harmonizing any apparently conflicting provisions; and thus, a particular part of a statutory enactment must be viewed in light of the enactment in its entirety. (See e.g., Estate of McDill (1975) 14 Cal.3d 831, 837 [122 Cal. Rptr. 754, 537 P.2d 874]; Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified Sch. Dist. (1978) 21 Cal.3d 650, 659 [147 Cal. Rptr. 359, 580 P.2d 1155]; People v. Gonzalez (1990) 51 Cal.3d 1179, 1221 [275 Cal. Rptr. 729, 800 P.2d 1159]; People v. Davis (1981) 29 Cal.3d 814, 829 [176 Cal. Rptr. 521, 633 P.2d 186].) Moreover, statutes should not be interpreted in a manner to render parts of them superfluous. (See, e.g., Longshore v. County of Ventura (1979) 25 Cal.3d 14, 24 [157 Cal. Rptr. 706, 598 P.2d 866].)
*1568 (8b) To reconcile subdivisions (a) and (k), which are parts of a single statute, we conclude that the word "judgment" in subdivisions (a) and (k) of section 904.1 encompasses only judgments and those final orders on collateral matters which historically have been considered to be "a necessary exception to the one final judgment rule." (In re Marriage of Skelley, supra, 18 Cal.3d 365, 368.) This exception does not include discovery sanction orders. The latter are intended only as a means by which a trial court can compel compliance with the rules and procedures which implement the discovery process.
The word "order" in subdivision (a), on the other hand, signifies interlocutory or interim orders only. Neither the legislative history nor the language of section 904.1, as amended in 1989, supports an interpretation of subdivision (k) that would make discovery sanction orders over the sum of $750 independently appealable. Such orders had never been appealable prior to the 1989 amendment of section 904.1 and there is no basis in law for construing such orders to be appealable pursuant to subdivision (k) after that amendment.
Accordingly, we hold that a monetary discovery sanction order over $750, which is an interlocutory or interim order, is not a "judgment" for the purposes of appealability under subdivision (k) of section 904.1.
(10) In conclusion, we dismiss the purported appeals from the orders dated July 27, 1990: (1) granting the motion for a protective order; and (2) imposing discovery sanctions in the sum of $780.50 as having been taken from nonappealable orders.

II. Order Dated August 24, 1990, Denying Reconsideration

Since the July 27 orders are nonappealable, the order dated August 24, 1990, denying the motion seeking reconsideration of those orders under section 1008, is also not appealable. (Corns v. Miller (1986) 181 Cal. App.3d 195, 197, at fn. 1 [226 Cal. Rptr. 247]; cf. Rabbitt v. Vincente, supra, 195 Cal. App.3d 170, 173.)

III. Orders Dated August 24, 1990, Imposing Monetary Sanctions

(11) Prior to January 1, 1990, an order imposing monetary sanctions, e.g., under sections 128.5 or 177.5, was appealable, regardless of the amount, as a final order on a collateral matter directing the payment of money. (See, e.g., Rabbitt v. Vincente, supra, 195 Cal. App.3d 170, 173; see also, Bauguess v. Paine (1978) 22 Cal.3d 626, 634 [150 Cal. Rptr. 461, 586 P.2d 942].)
*1569 However, pursuant to the 1989 amendments to section 904.1, effective January 1, 1990, the amount of a monetary sanction order determines whether it is appealable. Subdivision (k) of section 904.1, which was added by the 1989 amendment, provides an appeal may be taken from "a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750)." (Stats. 1989, ch. 1416, § 25 (italics added); see also, County of Monterey v. Mahabir (1991) 231 Cal. App.3d 1650 [282 Cal. Rptr. 924].)
We therefore conclude the order dated August 24, 1990, imposing monetary sanctions under section 128.5 in the sum of $735 payable to defendant's counsel is not appealable in that it does not exceed $750. The purported appeal from that order is dismissed.
We also conclude that the order of August 24, 1990, imposing a sanction of $750 payable to the County of Los Angeles is not appealable in that it, too, does not exceed $750. We note that the court did not cite to any authority for that sanction. However, since that order is not before us we do not reach the issue of the court's authority to make that order. (Cf. §§ 128.5, 177.5.)

DECISION
The purported appeals from the orders dated July 27, 1990, and the orders dated August 24, 1990, are dismissed as having been taken from nonappealable orders. Respondent is awarded costs on this appeal.
Klein, P.J., and Croskey, J., concurred.
NOTES
[1] All further section references are to the Code of Civil Procedure.
[2] Section 2030, subdivision (e), provides in pertinent part:

"The court shall impose a monetary sanction under Section 2023 [sanctions for abuses of discovery] against any party, person, or attorney who unsuccessfully makes or opposes a motion for a protective order, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."
[3] Section 128.5 provides in pertinent part: "Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay.... [¶] `Actions or tactics' include, but are not limited to, the making or opposing of motions.... [¶] `Frivolous' means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party...."
[4] The statutes of 1989, chapter 1416, section 25, made two amendments to section 904.1, as follows:

Subdivision (a) was amended by adding the provision that "... an appellate court may, in its discretion, review ... a judgment or order for the payment of monetary sanctions, upon petition for an extraordinary writ." (Italicized portion added by amendment of 1989.)
Subdivision (k) was added, to provide that an appeal may be taken "From a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750). Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."
[5] We also reject the conclusion of the Kohan court in our decision in Imuta v. Nakano, post, page 1570 [285 Cal. Rptr. 681].
[6] In this regard, the Kohan court noted that "in Mattco Forge, Inc. v. Arthur Young & Co. (1990) 223 Cal. App.3d 1429 [273 Cal. Rptr. 262] [it had] construed an order imposing sanctions for abuse of the discovery process ... to be a judgment within the meaning of section 904.1, subdivision (k), and thus appealable. (223 Cal. App.3d at pp. 1441-1442 and fn. 10.)" (Kohan, supra, 229 Cal. App.3d 967, 970.)

We reject the Kohan court's reliance on Mattco Forge, Inc. as misplaced and conclude that the ruling in the latter case lacks any precedential value. The court in Mattco Forge, Inc. simply deemed "the order imposing the [discovery] sanction award of $800 as a judgment [under section 904.1, subdivision (k)] to preserve its appealability" without any attendant analysis or discussion. (Mattco Forge, Inc. v. Arthur Young & Co., supra, 223 Cal. App.3d 1429, 1442, fn 10.)