Filed 8/21/24  Marriage of Abdelbaset and Allen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re Marriage of EBTESSAM ABDELBASET and MYRON ALLEN. | |
| EBTESSAM ABDELBASET, | D083784 |
| Respondent, | |
| v. | (Super. Ct. No. FLHE1802594) |
| MYRON ALLEN, | |
| Appellant. | |


APPEAL from an order of the Superior Court of Riverside County, Randolph Rogers, Judge.* Reversed.

Law Office of Zulu Ali & Associates, Zulu Ali; and Marvin Kennix for Appellant.

Law Office of Neda Aguirre and Neda Aguirre for Respondent.

---

*       Retired judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

In this dissolution proceeding, the family court entered a status-only dissolution judgment. In a bifurcated proceeding, it entered what it described as a partial terminating sanction in favor of petitioner Ebtessam Abdelbaset (Wife) and against respondent Myron Allen (Husband), summarily adjudicating division of 13 parcels of real property. Husband appeals, contending the family court abused its discretion when it refused to grant a stipulated continuance and by issuing the terminating sanction. We asked the parties to submit supplemental letter briefs addressing the timeliness of the appeal and the appealability of the terminating sanction order. We conclude Husband timely filed his notice of appeal, the sanction order is appealable, and the court abused its discretion by issuing discovery sanctions based on nondiscovery conduct.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

In September 2021, the family court entered a status-only dissolution judgment and granted Wife's request to bifurcate all other issues. In August 2022, she filed a motion for terminating and monetary sanctions based on Husband's continual failure to follow the court's orders, requesting that the matter proceed as a default. On October 19, 2022,[2] the court held a hearing on reserved issues and granted a partial terminating sanction for Wife.

---

[1]     After the family court ordered the sanction, Husband filed a reconsideration motion which the court denied. (Code Civ. Proc., § 1008.) He filed a separate notice of appeal from the order denying reconsideration. His opening brief contains no argument challenging this order and we deem this issue forfeited. (*Dameron Hospital Assn. v. AAA Northern California, Nevada & Utah Ins. Exchange* (2022) 77 Cal.App.5th 971, 982 [" 'An appellant . . . forfeits an issue by failing to raise it in his or her opening brief.' "].)

[2]     We refer to this hearing as the "October hearing" and the October 19, 2022, order as the "October order."

The court confirmed one parcel of real property as her separate property and ruled the parties' 13 other parcels of real property were deemed community property and divided equally between the parties. The court then stated:

> "[I]t's likely that the reserved issues, except for support, have been adjudicated as set forth above. The [c]ourt finds it appropriate to reserve ruling on the support issue pending allocation of the marital assets as set forth above. In the meantime, the existing support orders will remain in full force and effect."

After hearing argument from Husband's counsel about the existence of a prenuptial agreement regarding the real property, the court stated, "That's why they're called terminating sanctions. So that's the ruling. I was expecting a fair amount of pushback, of course, but you all have your remedies." Husband filed a reconsideration motion regarding the terminating sanctions, which the court denied.

## DISCUSSION

### A.  *The Appeal is Timely*

The time to appeal is the earliest of: "(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled "Notice of Entry" of judgment or a filed-endorsed copy of the judgment, showing the date either was served; (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled "Notice of Entry" of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or (C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.104(a).)[3] "The plain language of the rule refers to '*a document* entitled "Notice of Entry" of judgment or *a file-stamped copy* of the judgment, showing the date either was mailed. . . .' (Rule 8.104(a)(1),

---

[3]     Undesignated rule references are to the California Rules of Court.

3

italics added.)" (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 903.) "[T]he required 'document entitled "Notice of Entry" ' (rule 8.104(a)(1)) must bear precisely that title, and . . . the "file-stamped copy of the judgment' [citation] must truly be file stamped." (*Alan*, at p. 903.)

Husband's letter brief included documents showing a notice of ruling dated October 25, 2022, not a notice of entry of judgment, accompanied by a copy of the October order that was not file-stamped. Husband did not include a proof of service showing who mailed the notice of ruling, but he claims the family court mailed the minutes that were not file-stamped and Wife mailed the notice of ruling.

Here, because the document served was not entitled "Notice of Entry" and the attached minute order was not file-stamped, the 60-day period for noticing an appeal was not triggered. Because of this, Husband had 180 days to file the notice of appeal under rule 8.104, subdivision (a)(1)(C). His appeal was timely because he filed the notice of appeal on February 21, 2023, which was 125 days after the October order granting the sanction.

**B.** ***The October order is appealable.***

"An order granting terminating sanctions is not appealable, and the losing party must await the entry of the order of dismissal or judgment *unless* the terminating order is inextricably intertwined with another, appealable order." (*Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 940.) Here, however, the October 2022 order is not simply an order issuing a terminating sanction; it also adjudicated the division of all marital real property and left no further court action to take on this matter.

" 'When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct

appeal may be taken. [Citations.] This constitutes a necessary exception to the one final judgment rule. Such a determination is substantially the same as a final judgment in an independent proceeding.' " (*Rao v. Campo* (1991) 233 Cal.App.3d 1557, 1565.) The court in *In re Marriage of Fink* (1976) 54 Cal.App.3d 357 explained:

> "It has long been established that controversies over spousal support, division of marital property and custody of minor children can be litigated in an action separate from the action which decrees a termination of the marriage. [Citations.] This concept, sometimes called 'divisible divorce,' is not inconsistent with the basic principle that a single action should result in only one final appealable judgment. Although the parties may litigate their controversies in several actions, each action should, under conventional theory, result in a single judgment disposing of the issues raised in that action. [¶] California law also recognizes a form of divisible appeal, in that a party may appeal either from the whole of a judgment or from a particular part of one. [Citation.] The general rule is that where portions of a judgment are truly severable, an appeal from one portion will bring up for review only that portion, leaving all other parts of the judgment in full force and effect. [Citation.] This principle, although conducive to partial adjudication, has long coexisted with the one judgment rule." (*Fink*, at p. 362.)

The October order dividing the parties' real property is a collateral matter properly litigated in a separate action after the dissolution judgment. An appeal may be taken from this order because it decided a severable, collateral matter with finality. (*In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 737; Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2024) ¶ 16:274 ["if the court enters a judgment of dissolution but reserves jurisdiction over the community property division ([Fam. Code,] §§ 2337, 2550), the subsequent property division judgment is

5

separately appealable"].) Nothing is left for the court's future consideration regarding the real property division issue except the fact of compliance or noncompliance with its order. (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1216–1217.)

**C.** ***The court abused its discretion by issuing a discovery sanction based on nondiscovery conduct.***

Husband makes several contentions in his briefing on appeal. First, in his opening brief he asserts the court denied him the opportunity to be heard and violated his right to due process when it removed him from the hearing. He also claims the court abused its discretion by adjudicating the ownership of real property without considering less severe alternatives. In a supplemental brief, Husband contends the family court abused its discretion by denying a stipulated continuance. Finally, he claims the court's decision to adjudicate property ownership as a form of terminating sanction did not align with the options provided in Code of Civil Procedure[4] section 2023.030 and falls outside the scope of this statute. As we will explain, the court abused its discretion by issuing a discovery sanction based on nondiscovery conduct. This conclusion moots Husband's remaining arguments.

A trial court has a range of sanctions that can be imposed on litigants for disobeying a court order to provide discovery, including monetary, evidentiary, issue, and terminating sanctions.[5] (§§ 2023.010, 2023.030.) The court may impose discovery sanctions only if a party fails to obey a court order compelling discovery. (E.g., § 2030.290, subd. (c) [motion to compel a response to interrogatories]; § 2030.300, subd. (e) [motion to compel a further

---

[4] Undesignated statutory references are to the Code of Civil Procedure.

[5] We refer to monetary, evidentiary, issue, or terminating sanctions generally as "discovery sanctions."

6

response to interrogatories]; § 2031.310, subd. (i) [motion to compel a further response to an inspection demand]; § 2031.320, subd. (c) [motion to compel compliance with an inspection demand].) "The statutory requirement that there must be a failure to obey an order compelling discovery before the court may impose a nonmonetary sanction for misuse of the discovery process provides some assurance that such a potentially severe sanction will be reserved for those circumstances where the party's discovery obligation is clear and the failure to comply with that obligation is clearly apparent." (*New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1423.)

Although a "court has broad discretion in selecting discovery sanctions, subject to reversal only for abuse," sanctions " ' "should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery." ' " (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992.) "If a lesser sanction fails to curb misuse, a greater sanction is warranted: continuing misuses of the discovery process warrant incrementally harsher sanctions until the sanction is reached that will curb the abuse." (*Ibid.*) A terminating sanction "should generally not be imposed until the court has attempted less severe alternatives and found them to be unsuccessful and/or the record clearly shows lesser sanctions would be ineffective." (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 604.) The court "cannot impose sanctions for misuse of the discovery process as a punishment." (*Doppes*, at p. 992.)

Here, Wife requested terminating sanctions and monetary sanctions for violation of the discovery process and violation of court orders. She listed the following infractions which purportedly justified discovery sanctions against Husband: violating a restraining order to prevent him from concealing

community property; failing to show completion of court ordered programs; not paying child and spousal support; not paying court ordered sanctions; not meeting and conferring as ordered; and being unprepared for trial. Wife cites these same infractions as grounds to affirm the October order.

The court stated it was granting terminating sanctions "in part" and listed two discovery violations and the other infractions cited by Wife as the basis for terminating sanctions. On appeal, Wife now characterizes the discovery sanction as an *issue* sanction adjudicating ownership of real property rather than a *terminating* sanction. Regardless of what we call it, the court abused its discretion by issuing a discovery sanction based on Husband's conduct unrelated to the discovery process (nondiscovery conduct).

Review of the record shows Husband's discovery violations consisted of disobeying a single order to provide documents and form interrogatory responses to Wife's counsel and not providing court ordered mortgage statements.[6] Although these violations, standing alone, might support some type of discovery sanction, the summary adjudication as community property of 13 pieces of real property is out of proportion to the severity of the transgression. Rather, the court's reliance on a litany of Husband's

---

[6] Wife states the court granted a motion to compel responses to discovery and issued monetary sanctions against Husband on September 24, 2020, but provided no citation to the record. Our review of the record revealed a minute order on September 24, 2020, showing the court ordered Husband to comply with discovery and provide documents and form interrogatories to Wife's counsel. It also issued a monetary sanction in the amount of $3,415. We also found an order dated May 6, 2021, showing the court ordered Husband to comply with providing mortgages statements but he failed to do so. Rule 8.204(a)(1)(C) requires all appellate briefs to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." Wife's brief runs afoul of this rule because it includes no record citations in the statement of the case, statement of facts or chart of Husband's purported violation of court orders.

8

nondiscovery misconduct shows that the sanction was primarily intended to punish him for this unrelated misbehavior.

" 'The scope of discretion always resides in the particular law being applied . . . .' 'Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion.' " (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 393.)  Here, the family court was required to exercise its discretion within the confines imposed by the Civil Discovery Act, which limits the basis for sanctions to the disobedience of a discovery order.  (§§ 2023.010, 2023.030.)  Because the record demonstrates that the court used a discovery sanction to punish Husband for conduct not related to disobedience of a discovery order, we must reverse the October order.

## DISPOSITION

The October 19, 2022 order is reversed.  Husband is entitled to costs on appeal.

DATO, Acting P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.

9