CALIFORNIA ex rel. COOPER, CITY ATTORNEY OF
SANTA ANA, CALIFORNIA *v.* MITCHELL BROTHERS'
SANTA ANA THEATER et al.

No. 81–271.   Decided November 30, 1981

PER CURIAM.

The petition for certiorari is granted limited to Question 2 presented in the petition, namely, whether a city, in a public nuisance abatement action brought against a motion picture theater, must prove beyond a reasonable doubt that the motion pictures at issue are obscene.[1]

The Santa Ana City Attorney brought this action against respondents to abate a public nuisance pursuant to Cal. Civ. Proc. Code Ann. § 731 (West 1980).[2]   The com-

_____

[1] The petition is otherwise denied.

[2] Section 731 provides in pertinent part:

"An action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance, as the same is defined in section thirty-four hundred and seventy-nine of the Civil Code, and by the judgment in such action the nuisance may be enjoined or abated as well as damages recovered therefor.   A civil action may be

plaint alleged that numerous films shown by the respondents were obscene and thus constituted a public nuisance as defined by Cal. Civ. Code Ann. §§ 3479, 3480 (West 1970).[3] The complaint sought, *inter alia,* court approval of a resolution passed by the Santa Ana City Council revoking all of respondents' operating licenses and permits, a permanent injunction forbidding respondents to show the films named in the complaint, and a 1-year closure of respondents' theater.

The trial court determined that the complaint presented both equitable and legal issues and ordered that a jury trial be held on the issues of obscenity, public nuisance, and damages prior to resolution of the equitable issues by the court. The jury trial was divided into liability and damages stages. After the evidence pertaining to obscenity and public nuisance had been presented, the jury was instructed that they could find the films at issue to be obscene only if they were persuaded of such "beyond a reasonable doubt." The jury found 11 films obscene, 4 not obscene, and was unable to reach a verdict on 2 others.

Following a jury determination of damages, the court is-

---

brought in the name of the people of the State of California to abate a public nuisance, as the same is defined in section thirty-four hundred and eighty of the Civil Code, . . . by the city attorney of any town or city in which such nuisance exists . . . ."

[3] Sections 3479 and 3480 provide in pertinent part:

"§ 3479. . . . Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, . . . is a nuisance."

"§ 3480. . . . A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal."

See also *People ex rel. Busch* v. *Projection Room Theater,* 17 Cal. 3d 42, 49, 550 P. 2d 600, 603–604 (exhibition of obscene films may be characterized as "indecent" or "offensive to the senses"), cert. denied *sub nom. Van de Kamp* v. *Projection Room Theater,* 429 U. S. 922 (1976).

sued findings of fact and conclusions of law with respect to the equitable issues. The court found, independently from the jury verdict and based upon its own viewing, that the same 11 films were obscene beyond a reasonable doubt as the term obscene is defined in Cal. Penal Code Ann. § 311(a) (West 1970).[4] There were cross-appeals, the city asserting, among other things, that the trial court erred in imposing the beyond-reasonable-doubt burden of proof. The California Court of Appeal affirmed on this issue. Relying on this Court's observation that "the regulation of a communicative activity such as the exhibition of motion pictures must adhere to more narrowly drawn procedures than is necessary for the abatement of an ordinary nuisance," *Vance* v. *Universal Amusement Co.*, 445 U. S. 308, 315 (1980) *(per curiam)*, and JUSTICE BRENNAN's statement that "the hazards to First Amendment freedoms inhering in the regulation of obscenity require that even in . . . a civil proceeding, the State comply with the more exacting standard of proof beyond a reasonable doubt," *McKinney* v. *Alabama*, 424 U. S. 669, 683–684 (1976) (concurring opinion), the court concluded that "one of the required procedures is that obscenity be proved beyond a reasonable doubt."[5] *People ex rel. Gow* v. *Mitchell Bros.' Santa Ana Theater*, 114 Cal. App. 3d 923, 936, 171 Cal. Rptr. 85, 93 (1981). We reverse.

The purpose of a standard of proof is "to instruct the factfinder concerning the degree of confidence our society

---

[4] Section 311(a) reads:

"'Obscene matter' means matter, taken as a whole, the predominant appeal of which is to the average person, applying contemporary standards, is to prurient interest, i.e., a shameful or morbid interest in nudity, sex, or excretion; and is matter which taken as a whole goes substantially beyond customary limits of candor in description or representation of such matters; and is matter which taken as a whole is utterly without redeeming social importance."

[5] The court's conclusion rested solely on federal grounds; no state authority was cited for the proposition that obscenity must be proved beyond a reasonable doubt.

thinks he should have in the correctness of factual conclusions for a particular type of adjudication." *In re Winship*, 397 U. S. 358, 370 (1970) (Harlan, J., concurring). Three standards of proof are generally recognized, ranging from the "preponderance of the evidence" standard employed in most civil cases, to the "clear and convincing" [6] standard reserved to protect particularly important interests in a limited number of civil cases, to the requirement that guilt be proved "beyond a reasonable doubt" in a criminal prosecution. See *Addington* v. *Texas*, 441 U. S. 418, 423–424 (1979). This Court has, on several occasions, held that the "clear and convincing" standard or one of its variants is the appropriate standard of proof in a particular civil case. See *Addington* v. *Texas, supra,* at 431 (civil commitment); *Rosenbloom* v. *Metromedia, Inc.*, 403 U. S. 29, 52 (1971) (libel); *Woodby* v. *INS*, 385 U. S. 276, 285 (1966) (deportation); *Chaunt* v. *United States*, 364 U. S. 350, 353 (1960) (denaturalization); *Schneiderman* v. *United States*, 320 U. S. 118, 159 (1943) (denaturalization). However, the Court has never required the "beyond a reasonable doubt" standard to be applied in a civil case. "This unique standard of proof, not prescribed or defined in the Constitution, is regarded as a critical part of the 'moral force of the criminal law,' *In re Winship*, 397 U. S., at 364, and we should hesitate to apply it too broadly or casually in noncriminal cases." *Addington* v. *Texas, supra,* at 428.

Thus while a State may require proof beyond reasonable doubt in an obscenity case, that choice is solely a matter of state law. The First and Fourteenth Amendments do not

---

[6] The precise verbal formulation of this standard varies, and phrases such as "clear and convincing," "clear, cogent, and convincing," and "clear, unequivocal, and convincing" have all been used to require a plaintiff to prove his case to a higher probability than is required by the preponderance-of-the-evidence standard. C. McCormick, Evidence § 320, p. 679 (1954). See also Kaplan, Decision Theory and the Factfinding Process, 20 Stan. L. Rev. 1065, 1072 (1968).

require such a standard. The judgment of the Court of Appeal is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*So ordered.*

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Although I adhere to my view that a State may not constitutionally suppress sexually oriented films except perhaps as necessary to shield juveniles or unconsenting adults, see, *e. g., Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 73 (1973) (BRENNAN, J., dissenting), since the State alone has petitioned for review in this case, I concur in limiting the grant of certiorari to consideration of whether the State must demonstrate beyond a reasonable doubt that communication it seeks to suppress is obscene. I share, however, JUSTICE STEVENS' concern, *post,* at 97, that we lack the requisite assurance of our jurisdiction to consider this question and join his suggestion that we adhere to our ordinary practice of denying the writ or of remanding to the state court for a determination of whether the decison below rests on a federal or a state ground. *California* v. *Krivda,* 409 U. S. 33 (1972).

Alternatively, assuming we have jurisdiction in this case, I dissent from the Court's holding that the First Amendment does not require the State when it seeks to suppress otherwise constitutionally protected material to prove that material obscene beyond a reasonable doubt. My reasons are stated in my concurring opinion in *McKinney* v. *Alabama,* 424 U. S. 669, 683–687 (1976).

JUSTICE STEVENS, dissenting.

Without the benefit of full briefs and arguments I would not answer the question whether the First Amendment requires that obscenity be proved beyond a reasonable doubt in

a public nuisance abatement action.[1]  JUSTICE BRENNAN's opinion in *McKinney* v. *Alabama*, 424 U. S. 669, 683–687, in which Justice Stewart and JUSTICE MARSHALL joined, demonstrates the substantiality of the question.  It is distressing to find that the Court considers novel questions of this character so easy as not even to merit argument.[2]  It is also surprising to find the Court reaching out to decide such a question when its jurisdiction to do so is doubtful and when the absence of conflict on the question normally would call for a routine denial of certiorari.

I

In this public nuisance abatement action the California Superior Court and the California Court of Appeal concluded that obscenity must be proved beyond a reasonable doubt. See *People ex rel. Gow* v. *Mitchell Brothers' Santa Ana Theater*, 114 Cal. App. 3d 923, 935–937, 171 Cal. Rptr. 85, 92–93

---

[1] Cf. *Snepp* v. *United States*, 444 U. S. 507, 516 (STEVENS, J., dissenting).

[2] When the State prohibits its citizens from purchasing books they want to read or entering theaters to view motion pictures they want to see, it engages in a form of censorship.  The task of the censor cannot be performed without examining the content of the communication under scrutiny.  Although a majority of the Court has stoutly and repeatedly denied that government has any power to draw distinctions based on the content of any expression, see the separate opinions in *FCC* v. *Pacifica Foundation*, 438 U. S. 726, and in *Young* v. *American Mini Theatres, Inc.*, 427 U. S. 50, today the Court holds that the California courts were unnecessarily concerned that the censor's content-based scrutiny might result in the prohibition of protected communication.  The holding seems to rest on an assumption that, no matter what the consequences of a civil lawsuit may be, the Constitution does not require the plaintiff to satisfy the reasonable-doubt standard of proof.  If the Court is endorsing that broad assumption today, then this decision is far more important than even the substantial question presented for review would indicate.  If the Court does not intend to endorse such a broad premise, its opinion should respond to the arguments advanced by JUSTICE BRENNAN, Justice Stewart, and JUSTICE MARSHALL in *McKinney*.

(1981). Without deciding whether the First Amendment imposes *any* special standard of proof on the censorship of allegedly obscene materials, the Court today opines that proof beyond a reasonable doubt is not constitutionally required. The Court has no jurisdiction to express that opinion unless the California courts imposed that standard because they understood it to be required by federal law. It is by no means clear that they did so.

State courts surely know the difference between opinions that merely contain persuasive reasoning and opinions that are authoritative because they explain a ruling that is binding on lower courts. Moreover, absent a definitive ruling from a higher tribunal, state courts are entitled to fashion state rules of procedure to govern the conduct of civil trials in state courts. Until today, this Court has never expressed an opinion on the standard of proof that a trial court should impose on a civil litigant seeking to prove that a motion picture film is obscene.

The explanation by the California Court of Appeal of its ruling on the standard-of-proof issue does not indicate that the court considered itself bound to follow any decision by this Court. As the Court of Appeal explained, the trial judge "established the high burden of proof based on the reasoning of Mr. Justice Brennan's concurring opinion in *McKinney* v. *Alabama, supra,* 424 U. S. 669, 678." *Id.,* at 935, 171 Cal. Rptr., at 92. After citing *People* v. *Frangadakis,* 184 Cal. App. 2d 540, 550, 7 Cal. Rptr. 776, 782 (1960),[3] and rejecting the City Attorney's argument that the standard of proof required in normal public nuisance abatement actions should be applied in an obscenity case, the California Court of Appeal stated that it "agree[d]" with the burden of proof portion of JUSTICE BRENNAN's opinion and found one passage

---

[3] In that case the court held that the standard of proof in an action to abate a public nuisance under California Business and Professional Code § 25604 is by a preponderence of the evidence.

"particularly persuasive." 114 Cal. App. 3d, at 936, 171 Cal. Rptr., at 93.[4]

The state court's opinion may be construed in either of two ways. On the one hand, because the Court of Appeal agreed with the reasoning in JUSTICE BRENNAN's opinion, it may merely have established the procedural rule to be followed in the state courts subject to its jurisdiction.[5] On the other hand, it may have assumed that a lesser burden would have complied with state law but nevertheless ruled as it did because it believed the Federal Constitution required that result. When this sort of ambiguity is present, our jurisdiction is doubtful and we have a duty to withhold decision on the merits until we are able "to say with requisite assurance that this Court has jurisdiction in the premises." *Mental Hygiene Dept. of Cal.* v. *Kirchner,* 380 U. S. 194, 196.

As Justice Harlan emphasized in that case:

"This Court is always wary of assuming jurisdiction of a case from a state court unless it is plain that a federal

---

[4] Contrary to the Court's characterization, *ante,* at 92, the Court of Appeal did not hold that *Vance* v. *Universal Amusement Co.,* 445 U. S. 308, compelled its conclusion "that one of the required procedures is that obscenity be proved beyond a reasonable doubt." 114 Cal. App. 3d, at 936, 171 Cal. Rptr., at 93. Rather, the court cited and quoted from *Vance* in the course of its rejection of the city's argument that a statement towards the end of this Court's long opinion in *Mugler* v. *Kansas,* 123 U. S. 623, 673, "support[s] its position that the burden of proof should be by 'clear and convincing evidence.'" 114 Cal. App. 3d, at 935, 171 Cal. Rptr., at 92. Since the argument based on *Mugler* is meritless, it is a mistake to attach undue significance to the court's response to that argument.

[5] The reasonable-doubt standard is no stranger to civil litigation. See, *e. g.,* cases cited in 9 J. Wigmore, Evidence § 2498, nn. 2–12 (J. Chadbourn rev. 1981). This Court has even used the standard in several civil contexts. See *Radio Corporation of America* v. *Radio Engineering Laboratories, Inc.,* 293 U. S. 1, 7–8 (invalidity of patent); *Ward & Gow* v. *Krinsky,* 259 U. S. 503, 522 (constitutional invalidity of state statute); *Moore* v. *Crawford,* 130 U. S. 122, 134 (invalidity of title); cf. *Fidelity Mutual Life Assn.* v. *Mettler,* 185 U. S. 308, 317.

question is necessarily presented, and the party seeking review here must show that we have jurisdiction of the case. Were we to assume that the federal question was the basis for the decision below, it is clear that the California Supreme Court, either on remand or in another case presenting the same issues, could inform us that its opinion was in fact based, at least in part, on the California Constitution, thus leaving the result untouched by whatever conclusions this Court might have reached on the merits of the federal question." *Id.*, at 197 (footnote omitted).

Later in the opinion, Justice Harlan emphasized that we must be able to say with "certainty that the California judgment rested *solely* on [a federal ground]," *id.*, at 200 (emphasis in original), before we may take jurisdiction of a case coming from a state court.

Unless a case presents a question of unusual importance, jurisdictional doubt of this character normally leads to the dismissal of the writ of certiorari as improvidently granted, or to its denial if the petition is still pending. *Id.*, at 200–201. If the issue is sufficiently important, our practice is to remand to the state court to make sure that its decision rested solely on a state ground before we proceed further. See, *e. g., California* v. *Krivda,* 409 U. S. 33. Whether one regards this as an important or an unimportant case, surely we should not simply ignore the customary restraints on the exercise of our limited jurisdiction over state courts.

II

Entirely apart from the jurisdictional question, adherence to the Court's traditional practice of avoiding the unnecessary and premature adjudication of constitutional questions counsels denial of this certiorari petition. As a practical matter, what is at stake is the City Attorney's request for a retrial of the question whether 17 rather than just 11 motion

picture films are obscene. No conflict between the ruling of the California Court of Appeal and that of any other court has been called to our attention. Even if one intermediate appellate court has given greater constitutional protection to some citizens of California than this Court would require, that is hardly a sufficient reason for reviewing the state court's decision.[6] No pressing need for the exercise of our jurisdiction at this time is apparent to me.

Accordingly, I respectfully dissent from the decision to grant certiorari and to decide the case summarily.

---

[6] See *Idaho Dept. of Employment* v. *Smith*, 434 U. S. 100, 103–105 (STEVENS, J., dissenting in part).