**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4688**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RICCO LAMONT MCKOY,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:06-cr-00168-H)

_____

Submitted: April 17, 2008            Decided:   May 8, 2008

_____

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

John Keating Wiles, CHESHIRE, PARKER, SCHNEIDER, BRYAN & VITALE, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricco Lamont McKoy appeals his jury convictions for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2000), possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2007), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A)(iii). McKoy contends the district court plainly erred in its preliminary instructions to the jury regarding the Government's burden of proof in a criminal trial. While conceding the district court gave an accurate description of the reasonable doubt standard during its closing instructions to the jury, McKoy claims this failed to negate the prejudicial effect of the original instructions, which "obliged the jury to discount the weight of the Government's burden." Because there is no reasonable likelihood the jury understood the district court's instructions to allow for conviction based on a lesser standard of proof, we affirm.

McKoy raised no objection to the district court's instructions regarding reasonable doubt; accordingly, his claim is reviewed for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Four conditions must be met before this court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect

substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  Id. at 732-37.

Due process requires that every element of a crime be proven by the prosecution beyond a reasonable doubt.  See In re Winship, 397 U.S. 358, 364 (1970).  A reasonable doubt instruction that decreases the Government's burden of proof is constitutionally deficient and qualifies as structural error that requires reversal of the conviction.  See Sullivan v. Louisiana, 508 U.S. 275, 280-82 (1993).  While the district court must instruct the jury as to the application of the reasonable doubt standard in a criminal case, Jackson v. Virginia, 443 U.S. 307, 320 n.14 (1979), this court has joined "in the general condemnation of trial court attempts to define reasonable doubt in their jury instructions."  United States v. Moss, 756 F.2d 329, 333 (4th Cir. 1985); see also United States v. Reives, 15 F.3d 42, 46 (4th Cir. 1994).

An attempt by the trial court to define reasonable doubt will not require automatic reversal of a conviction; however, "at some point a reasonable doubt definition may be so incomprehensible or potentially prejudicial to require reversal."  Moss, 756 F.2d at 333.  Accordingly, the reviewing court must determine "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to

meet the [constitutional] standard." <u>Victor v. Nebraska</u>, 511 U.S. 1, 6 (1994); <u>see also</u> <u>United States v. Williams</u>, 152 F.3d 294, 298 (4th Cir. 1998). A conviction will not be reversed as long as "the instructions, taken as a whole, adequately state the controlling law." <u>United States v. Wills</u>, 346 F.3d 476, 492 (4th Cir. 2003) (internal quotation and citation omitted).

During its preliminary instructions to the jury, the district court stated:

> [T]he Government must prove the defendant's guilt beyond a reasonable doubt. I'll give you further instructions on this point later, but bear in mind that in this respect in a criminal case the burden of proof of beyond a reasonable doubt is a slightly higher standard of proof than that required in a civil lawsuit, where the burden of proof is the preponderance of the evidence or the greater weight of the evidence.

At the close of evidence, the district court provided its final instructions to the jury, stating:

> [W]hile the Government's burden is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any reasonable doubt concerning a defendant's guilt. A reasonable doubt is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in a case.

We agree McKoy is correct that the district court's preliminary instruction describing the reasonable doubt standard was inaccurate. By describing the level of proof required for a criminal conviction as only "slightly higher" than the preponderance of the evidence standard used in civil cases, the

- 4 -

district court failed to properly distinguish between these two standards. While the civil standard of proof shares risk equally between parties, the "unique" reasonable doubt standard reflects our society's concern that the risk of error to the defendant must be minimized even if some who are guilty may go free as a result. See Addington v. Texas, 441 U.S. 418, 427-28 (1979). However, the district court's instructions, which seemingly equated the reasonable doubt standard with the intermediate "clear and convincing" standard used in some civil settings, see California ex rel. Cooper v. Mitchell Bros.' Santa Ana Theater, 454 U.S. 90, 93 n.6 (1981), failed to accurately convey to the jury the heavy standard of proof required for conviction in a criminal case.

Nevertheless, this error did not occur during the district court's final instructions to the jury; rather, the misstatement was part of the court's opening instructions in the case. In its preliminary statements, the district court noted that the jurors would be provided with "further instructions" on the meaning of reasonable doubt at the close of the case. In its final charge to the jury, the court instructed the jury on "the rules of law that you must follow and apply in deciding this case," adding that the jurors must "follow the law as I explain it you . . . and you must follow all of my instructions as a whole." The court also provided the jury with a written copy of its instructions, which included an accurate description of the reasonable doubt standard,

and noted that the written instructions should be used "for any reference you may later need to make." Accordingly, we find the jury was aware of the fact that the final written instructions would control their deliberations.

As McKoy concedes, the district court's final instructions to the jury on the reasonable doubt standard were "unobjectionable." Final instructions to the jury may serve to cure errors in previous directives provided by the trial court. See United States v. McIver, 470 F.3d 550, 561 (4th Cir. 2006) (citing United States v. Tran Trong Cuong, 18 F.3d 1132, 1138 (4th Cir. 1994)), cert. denied, 127 S. Ct. 2276 (2007). Furthermore, the absence of error in the final charge to the jury is highly relevant in determining whether a jury was misled by an earlier misstatement. See United States v. Ruiz, 462 F.3d 1082, 1087 (9th Cir. 2006); United States v. Ciak, 102 F.3d 38, 46 (2d Cir. 1996); United States v. Romero, 32 F.3d 641, 652 (1st Cir. 1994). Accordingly, the district court's instructions, taken as a whole, served to adequately define the concept of reasonable doubt. See Wills, 346 F.3d at 492. While the district court erred in its earlier directives, McKoy's substantial rights were unaffected, as there is no reasonable likelihood the jury understood the instructions to allow for a conviction based on a lesser standard of proof. See Olano, 507 U.S. at 734-35. Therefore, we conclude

the district court's preliminary instructions to the jury did not constitute plain error.

Accordingly, we affirm McKoy's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED