Xin He v. Bondi

BIA
Pierro, IJ
A205 046 259

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty-five.

PRESENT:
REENA RAGGI,
EUNICE C. LEE,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

XIN HE,
*Petitioner,*

v.

22-6471 (L),
23-6367 (Con)
NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:             Theodore N. Cox, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Thankful T. Vanderstar, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Xin He, a native and citizen of the People's Republic of China, seeks review of two decisions of the BIA: (1) a September 14, 2022 decision affirming a decision of an Immigration Judge ("IJ") finding her removable and concluding that she had filed a frivolous asylum application, *In re Xin He*, No. A 205 046 259 (B.I.A. Sept. 14, 2022), *aff'g* No. A 205 046 259 (Immigr. Ct. N.Y.C. Dec. 30, 2019 & Jan. 27, 2020); and (2) an April 10, 2023 decision denying her motion for reconsideration, *In re Xin He*, No. A 205 046 259 (B.I.A. Apr. 10, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

As to removability and the frivolous finding, we have reviewed the IJ's decision as modified and supplemented by the BIA.[1] *See Xue Hong Yang v. U.S.*

---

[1] The BIA found sufficient grounds, independent of demeanor, to affirm the IJ's decision. Thus, Xin He could not demonstrate prejudice from alleged bias expressed through the IJ's demeanor

2

*Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review "*de novo* questions of law and the application of law to fact," and we review "the agency's factual findings, including adverse credibility findings, under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also Zerrei v. Gonzales*, 471 F.3d 342, 345 (2d Cir. 2006) (reviewing removability finding for substantial evidence). The agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We review the BIA's denial of a motion to reconsider for abuse of discretion, which "may be found where the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (internal quotation marks omitted)).

## I.      Removability

The Department of Homeland Security ("DHS") charged Xin He as

---

findings. Additionally, because the BIA declined to rely on those findings, the Government's reliance on that portion of the IJ's decision is misplaced. *See Xue Hong Yang*, 426 F.3d at 522.

removable under 8 U.S.C. § 1227(a)(1)(A), which provides that an "alien who at the time of . . . adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time is deportable." DHS alleged that Xin He was inadmissible at the time of adjustment because she had obtained asylum "by fraud or willfully misrepresenting a material fact." 8 U.S.C. § 1182(a)(6)(C)(i). DHS then "ha[d] the burden of establishing by clear and convincing evidence" that Xin He was deportable. *Id.* § 1229a(c)(3)(A). "No decision on deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence." *Id.* We uphold a removability finding unless "any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear and convincing evidence." *Francis v. Gonzales*, 442 F.3d 131, 138–39 (2d Cir. 2006).

The agency had sufficient basis to conclude that DHS satisfied its burden to show that the claim in Xin He's asylum application was false, and that she willfully made the false statements, given evidence that (1) attorney John Wang prepared her application and then pleaded guilty to conspiracy to submit fraudulent asylum applications during the same period, (2) Xin He's written statement closely matched statements submitted on behalf of Wang's other clients, and was written

4

in a manner that contradicted her claim that she wrote the statement herself, (3) Xin He's application to adjust to permanent resident status contradicted one prior allegation regarding past persecution, and (4) Xin He returned to China shortly after adjusting status despite her alleged fear of persecution.

As a preliminary matter, contrary to Xin He's argument, circumstantial evidence is not categorically incapable of satisfying a "clear and convincing" standard. *See United States v. Zhong*, 26 F.4th 536, 559 (2d Cir. 2022) (observing that the standard for a criminal conviction "may be satisfied by circumstantial evidence alone" (internal quotation marks omitted)); *California ex rel. Cooper v. Mitchell Bros.' Santa Ana Theater*, 454 U.S. 90, 93 (1981) (explaining that the "clear and convincing" standard is lower than the "beyond a reasonable doubt" standard for a criminal conviction (internal quotation marks omitted)).

We have held that special caution is required when relying on similarities between statements in different proceedings, and that the agency should consider, among other things, "whether the seemingly similar affidavits might merely have been translated or recorded inaccurately or formulaically," and "whether there is a likelihood that the petitioner was an innocent 'plagiaree.'" *Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 526 (2d Cir. 2007). Here, it is undisputed that Wang

5

pleaded guilty to a multiyear conspiracy to submit asylum applications containing false claims of persecution in China, covering the year that Xin He applied for asylum. Further, Xin He does not dispute that the English-language statement attached to her asylum application so closely matched statements submitted on behalf of Wang's subsequent clients (in substance, structure, and specific language) that those subsequent statements were likely fraudulent, or that the statement was written in language that would not be used by a person unfamiliar with asylum law. *See id.* at 525 (upholding adverse credibility determination based on inter-proceeding similarities where those similarities were "plainly too pervasive to have resulted from chance, and . . . the stories were so blatantly similar in both form and substantive details that they could not have been the result of honest applicants inserting truthful information into standardized templates"). Instead, Xin He maintains that her asylum claim was accurate; that she did not interact with Wang, and he had no role in drafting her original Chinese-language statement, which she wrote herself without assistance or instruction; that the legalistic language in the translated statement must be attributable to the translator, and the translated statement was never reviewed with her; and that the similarities to Wang's subsequent clients' statements must

6

be the result of their plagiarism of her claim.   The agency did not err in rejecting those explanations.

The agency was not required to credit Xin He's testimony that she did not know about Wang's involvement in her application because Wang was listed as the preparer on the application form, and she swore before an asylum officer that she was familiar with the contents of the application.   *See Ud Din v. Garland*, 72 F.4th 411, 427 (2d Cir. 2023) ("[A]n applicant's signature on a Form I-589 [asylum application] 'establishes a presumption that the applicant is aware of the contents of the application.'" (quoting 8 C.F.R. § 1208.3(c)(2))).   Moreover, she conceded that her immigration agency told her to say that Wang was her attorney before her asylum interview.   Her purported unfamiliarity with Wang does not aid her case because a reasonable person with a meritorious asylum claim likely would have asked questions if instructed to say that a stranger was her lawyer.

The agency also was not required to accept Xin He's testimony that she was solely responsible for the contents of her Chinese-language statement, but not responsible for the contents of the English-translated statement.   To begin, Xin He does not admit that anything in the translated statement is false, nor does she identify specific differences between the Chinese and English versions (i.e.,

7

legalistic language or idiosyncratic phrases repeated in other applicants' statements that were not in her original statement). Contrary to Xin He's argument that she did not know the contents of the English version, she signed an affidavit stating that her "I-589 and the attached statement" were read to her by a Chinese interpreter "sentence by sentence and word by word," and that their contents were accurate. Certified Administrative Record ("CAR") at 440.[2] The agency was not required to credit her later statement to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). And while Xin He argues that her statement could have been copied by Wang's subsequent clients, she does not challenge an asylum officer's testimony that her statements closely matched other statements associated with Wang's firm that predated hers.

In addition, as the agency found, Xin He's application to adjust to lawful permanent resident status (based on the grant of asylum) contradicted one of the bases of her asylum claim—that she was fined by Chinese family planning

---

[2] Citations are to the administrative record filed in the consolidated case, No. 23-6367.

8

officials.[3]   The inconsistency was not trivial because it concerns an important aspect of her claim of past persecution.   To the extent that Xin He argued that she was not aware of the contents of the adjustment application, the agency was not required to accept that explanation because she signed the application under a statement affirming that she understood English and had read and understood all the questions and answers.   And to the extent that she now argues that her statements can be reconciled because the family planning officials "extorted" rather than "fined" her, *see* Petitioner's Br. at 51, the agency was not required to take that view: the original application used the term "fine," and she reaffirmed at the hearing that she had been fined and said that she did not know why her adjustment application said otherwise.   *See* CAR at 320; *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985))).

---

[3] As the Government concedes, Xin He did not make this same misrepresentation on her naturalization application.   However, the agency's misstatement was a minor aspect of the agency's reasoning, and it does not warrant remand given the remaining findings.   *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (explaining that remand is futile "*whenever* the reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors" (quoting *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 107 (2d Cir. 2006))).

Finally, the agency reasonably concluded that Xin He's return to China for about two months shortly after adjusting status undercut her claim that she had a sincere fear of persecution. Although voluntary "return trips *alone* are insufficient to establish a lack of credibility," they "may be relevant to credibility in the exercise of an IJ's informed discretion." *Kone v. Holder*, 596 F.3d 141, 150–51 (2d Cir. 2010) (emphasis added). Contrary to Xin He's position, the agency considered her travel in conjunction with the other factors discussed above. Xin He contends that the agency overlooked or should have credited her explanations that, despite her belief that she was being investigated because officials had repeatedly visited her family home, she returned to China because her father was hospitalized with a serious illness and that she took evasive measures (staying at an aunt's house and only leaving at night) to avoid her abusers. After expressly considering this testimony and related evidence, the agency concluded that it was not credible or persuasive. The IJ reasonably found that Xin He's ability to travel with her passport without incident was inconsistent with her allegation that authorities were looking for her. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 68 n.2 (2d Cir. 2007) (discussing that "[n]o specific evidence of coordination between Chinese customs and birth control officials was required to allow the IJ to conclude

10

that it was implausible that a person seeking to flee from repression," stemming from China's family planning policy, would "repeatedly put [herself] in situations where [she] encountered legal authorities checking [her] identity"). As the IJ observed, the narrative portion of her father's hospital discharge papers gives the impression that there was no prolonged hospitalization, and the length of stay section on an accompanying discharge certificate is blank. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). The IJ also reasonably found implausible Xin He's testimony that she visited her father at the hospital only at night, when hospitals are generally closed to visitors and patients are generally resting. *See Siewe*, 480 F.3d at 168–69 (explaining that the agency is entitled to make inferences "made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience"). And there is no merit to Xin He's argument that the agency improperly shifted the burden on this issue: the agency's reasoning was that, after DHS presented evidence meeting its burden, Xin He did not rebut that evidence.

In sum, substantial evidence supports the agency's conclusion that there

11

was clear and convincing evidence of removability.[4]  *See Francis*, 442 F.3d at 138–39.

## II.   Frivolous Application

"If the Attorney General determines that an alien has knowingly made a frivolous application for asylum . . . , the alien shall be permanently ineligible for any benefits under this chapter, effective as of the date of a final determination on such application."   8 U.S.C. § 1158(d)(6).   An application is frivolous if "[a]ny of the material elements . . . is deliberately fabricated."   8 C.F.R. § 1208.20(a)(1). DHS bears the burden of demonstrating frivolousness by a preponderance of evidence.   *See Matter of B-Y-*, 25 I. & N. Dec. 236, 240–41 (B.I.A. 2010).

Under agency precedent, before rendering a frivolousness finding, the agency must (1) give "notice to the alien of the consequences of filing a frivolous application"; (2) make "a specific finding . . . that the alien knowingly filed a

---

[4] Some of the agency's other reasoning is questionable.   For example, contrary to the IJ's conclusion, we do not see how Xin He's apparent understanding of English at a 2019 hearing was probative of her understanding of an application filed in 2012.   However, such issues do not provide an adequate basis for remand and are not raised in Xin He's brief.   *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

frivolous application"; (3) identify "sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated"; and (4) give the alien "sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Biao Yang v. Garland*, 496 F.3d 268, 275 (2d Cir. 2007) (quoting *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007)); *see also* 8 U.S.C. § 1158(d)(4)(A) (requiring notice of consequences of knowingly filing a frivolous application); 8 C.F.R. § 1208.20(a) (requiring a "specific[]" finding that the applicant filed a frivolous application, and that the applicant "has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim").

Because there was clear and convincing evidence that Xin He made a willful, material misrepresentation of fact in her asylum application, there was necessarily sufficient evidence to satisfy a lower preponderance standard. Xin He's remaining arguments—that the agency circumvented the clear and convincing standard for removability by making a finding on a preponderance standard, or that the frivolousness finding has no bearing on her status because she is not removable— are meritless in light of the agency's proper determination of Xin He's removability, as discussed above. Xin He does not argue that the remaining

13

procedural requirements for a frivolousness finding were not followed, and has thus abandoned any such claim. *See Debique*, 58 F.4th at 684. In any event, the IJ made a specific frivolousness finding; Xin He had an opportunity to address the issues with her claim at her hearing; and she had notice of the consequences of a frivolous application because that information was given on the asylum application that she signed. *See Ud Din*, 72 F.4th at 428 (explaining that, absent evidence to the contrary, agency is entitled to conclude that signature on asylum application establishes notice of the consequences of knowingly false filings (citing 8 C.F.R. § 1208.3(c)(2))).

## III.    Reconsideration

A motion for reconsideration must specify errors of fact or law in the BIA's decision and be supported with pertinent authority, and the BIA does not abuse its discretion by denying a motion to reconsider that merely repeats arguments that the BIA had previously rejected. *See* 8 C.F.R. § 1003.2(b)(1); *Jin Ming Liu*, 439 F.3d at 111.

Xin He raised two arguments in support of reconsideration, neither of which had merit. First, she argued that the agency applied the wrong burden of proof, but the standard applied by the agency ("clear and convincing") is equivalent to

14

the standard she argues should have been applied ("clear, unequivocal, and convincing"). *See California ex rel. Cooper*, 454 U.S. at 93 & n.6 (observing that a "'clear and convincing' standard [is] reserved to protect particularly important interests in a limited number of civil cases," and that "[t]he precise verbal formulation of this standard varies" and is sometimes articulated instead as "'clear, unequivocal, and convincing'"). As noted earlier, that standard can be satisfied by circumstantial evidence. *Cf. Zhong*, 26 F.4th at 559.

Second, Xin He argued that the BIA had erroneously affirmed the IJ's decision to the extent that it relied on her return travel to China because the IJ failed to consider the circumstances of that travel. That argument is belied by the record: the IJ discussed her allegations about the circumstances of her travel and the related evidence, and subsequently explained the reasons for finding those allegations not credible or persuasive. The BIA appropriately found no clear error in that finding.

For the foregoing reasons, the petitions for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court