*Moco v. Bondi*

BIA
Driscoll, IJ
A095 862 068

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

**Robert Moco,**

> *Petitioner,*

> v. 24-1067

**Pamela Bondi, United States Attorney General,**

> *Respondent.*

_____

FOR PETITIONER:

DUSTIN P. SMITH, Hughes Hubbard & Reed LLP, New York, NY (Winthrop S. Jordan, Hughes Hubbard & Reed LLP, Washington, DC; James Henseler, Libby B. Ro, Hughes Hubbard & Reed LLP, New York, NY, *on the brief*).

FOR RESPONDENT:

ANDREW B. INSENGA, Trial Attorney (Sheri R. Glaser, Senior Litigation Counsel, *on the brief*) *for* Yaakov Roth, Acting Assistant Attorney General, Civil Division, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Robert Moco, a native and citizen of Albania, petitions for review of a March 18, 2024, decision of the BIA which affirmed an August 21, 2023, decision of an Immigration Judge ("IJ") finding him removable under 8 U.S.C. § 1227(a)(2)(E)(ii) and finding him ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). *In re Moco*, No. A095 862 068 (B.I.A. Mar. 18, 2024), *aff'g* No. A095 862 068 (Immigr. Ct. Batavia Aug. 21, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

2

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *cf. Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).

## I.      Removability

When the Department of Homeland Security ("DHS") commences removal proceedings against a lawful permanent resident, like Moco, it "bears the burden of establishing that the alien is removable by clear and convincing evidence." *Zerrei v. Gonzales*, 471 F.3d 342, 345 (2d Cir. 2006). "No decision on deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence." 8 U.S.C. § 1229a(c)(3)(A). We review factual findings regarding removal pursuant to § 1227(a)(2)(E)(ii) "under the substantial evidence standard," and we review questions of law *de novo*. *Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022).

Moco was charged as removable pursuant to 8 U.S.C. § 1227(a)(2)(E)(ii) for violating a protection order. In support of the charge, DHS submitted copies of a November 2013 protection order directing him to stay away from and refrain from harming a former live-in girlfriend and evidence of Moco's 2015 conviction for

3

first-degree criminal contempt in violation of New York Penal Law ("NYPL") § 215.51(b)(ii).

Moco is correct that there are errors in the agency's determination that the protection order in the record was the basis for this conviction. The BIA misstated that there were multiple protection orders in the record (there is only one, which was issued in November 2013 and expired in May 2014), and neither the IJ nor the BIA addressed compelling evidence that the conviction was premised on violations of a different protection order issued in March 2014. However, remand would be futile. *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (explaining that remand is not required where the erroneous reasoning is "substantially tangential to [the agency's] non-erroneous findings" or "when overwhelming evidence in the record makes it clear that the same decision is inevitable on remand").

Removability under § 1227(a)(2)(E)(ii) is determined on a circumstance-specific basis and does not require a conviction. *Alvarez*, 33 F.4th at 641. The agency conducts a two-step inquiry to determine whether "(1) the alien was subject to a court protection order . . . 'issued for the purpose of preventing

4

violent or threatening acts of domestic violence'; and (2) a court found the alien to have 'engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued.'" *Id.* (quoting 8 U.S.C. § 1227(a)(2)(E)(ii)).

At the first step, the IJ relied on a PSI.[1]  The PSI states that the victim of Moco's offense had formerly lived with him; he threatened to kill her when she decided to leave him; she moved out; beginning in September 2013, he repeatedly contacted and threatened her; and then he violated an order of protection (issued in March 2014) by visiting her workplace and threatening her on three occasions in August 2014.  This account of events preceding the protection order violations—cohabitation and then threats—is strong circumstantial evidence that the order of protection that Moco was found to have violated was issued for the purposes of preventing domestic violence; and Moco does not point to evidence

---

[1] The IJ misstated that the quoted language was from an "arrest report."  The misstatement is harmless—if anything, a post-conviction document would be more probative of the offense conduct than the allegations in an arrest report.

supporting a contrary conclusion.[2]  *See Zerrei*, 471 F.3d at 345 ("We will uphold a determination by the BIA that an alien is removable if substantial evidence supports the finding by clear and convincing evidence—that is, unless any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear and convincing evidence." (quotation marks omitted)).

At the second step—the determination that "a [state] court found [that Moco] 'engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued'"—the IJ looked to the elements of Moco's statute of conviction.  *Alvarez*, 33 F.4th at 641 (quoting 8 U.S.C. § 1227(a)(2)(E)(ii)).  Moco was convicted of first-degree criminal contempt:

> A person is guilty of criminal contempt in the first degree when . . . in

---

[2] Circumstantial evidence can satisfy the clear and convincing standard for removability.  *See United States v. Zhong*, 26 F.4th 536, 559 (2d Cir. 2022) (observing that the sufficiency-of-the-evidence standard for a criminal conviction may be "satisfied by circumstantial evidence alone" (quotation marks omitted)); *California ex rel. Cooper v. Mitchell Bros.' Santa Ana Theater*, 454 U.S. 90, 93 (1981) ("clear and convincing" standard is lower than the "beyond a reasonable doubt" standard for a criminal conviction (quotation marks omitted)).

violation of a duly served order of protection, or such order of which the defendant has actual knowledge . . . he . . . intentionally places or attempts to place a person for whose protection such order was issued in reasonable fear of physical injury, serious physical injury or death by repeatedly following such person or engaging in a course of conduct or repeatedly committing acts over a period of time[.]

NYPL § 215.51(b)(ii). The conviction thus establishes that a state court found that (1) there was a protection order, (2) Moco violated it, (3) his violating conduct was directed toward "a person for whose protection such order was issued," and (4) his violating conduct involved repeated acts or a course of conduct that intentionally placed this person in reasonable fear of physical injury or death.[3] *Id*.

In *Alvarez*, we suggested that a violation of NYPL § 215.51(b)(ii) could be premised on violations of a "stay-away" or "no-contact" provision of a protection

---

[3] Moco argues that, because a circumstance-specific (as opposed to a categorical) approach applies to this ground of removal, it is improper to infer facts from a conviction. It is not. Criminal convictions cannot be collaterally attacked in immigration proceedings. *See Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009). Accordingly, while evidence is not limited to the statute of conviction under the circumstance-specific approach applicable here, it is appropriate to find that the petitioner committed *at least* the minimum conduct necessary to sustain a conviction. *See Alvarez*, 33 F.4th at 647 (considering, as part of the circumstance-specific approach, facts "necessarily determined" by the state court given the elements of the statute of conviction).

order (committed in an aggravated manner), and we left open the question of whether violation of such an order would satisfy the requirement in § 1227(a)(2)(E)(ii) that a court find a violation of "the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury." *See Alvarez*, 33 F.4th at 647–48 (declining to decide this issue where the protection order specifically required the petitioner to refrain from assault, and the petitioner was convicted under a sub-section of NYPL § 215.51(b) that involved assault); *see also Sunuwar v. Att'y Gen. United States*, 989 F.3d 239, 248 (3d Cir. 2021) (agreeing with BIA that no-contact provisions "inherently involve 'protection against credible threats of violence, repeated harassment, or bodily injury'" (quoting 8 U.S.C. § 1227(a)(2)(E)(ii)). Moco has abandoned any challenge to the agency's reasoning—that the state court made the necessary findings for removability because the record reflects that it found both a protection order violation and that the manner of the violation involved threats of violence. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks

8

omitted)). We therefore decline to disturb this aspect of the agency's decision.

## II. Eligibility for Cancellation of Removal

In reviewing a denial of cancellation of removal, our jurisdiction is limited to constitutional claims, questions of law, and mixed questions of law and fact, which involve the application of legal standards to established facts. *Penaranda Arevalo v. Bondi*, 130 F.4th 325, 337 (2d Cir. 2025). A question of law may arise where the agency applied the wrong legal standard, *see Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2007), or where the agency "totally overlooked" or "seriously mischaracterized" important facts, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

In contrast to questions of removability, the burden is on the applicant to show eligibility for cancellation. 8 U.S.C. § 1229a(c)(4)(A); *Pereida v. Wilkinson*, 592 U.S. 224, 227 (2021); *see also Penaranda Arevalo*, 130 F.4th at 340–41 (assuming without deciding that the standard of proof for establishing eligibility for cancellation is a preponderance of the evidence). As relevant here, a lawful permanent resident is eligible for cancellation of removal if he "has resided in the United States continuously for 7 years after having been admitted in any status,"

8 U.S.C. § 1229b(a), but under the "stop-time rule," the calculation of residence for this purpose terminates upon service of a notice to appear or the commission of certain crimes, including crimes involving moral turpitude ("CIMTs"), *id.* § 1229b(d)(1); *see Barton v. Barr*, 590 U.S. 222, 232 (2020).

Here, the agency found that (1) Moco was admitted on July 11, 2007, (2) his 2015 conviction for stalking in violation of NYPL § 120.60(01) was a CIMT, and (3) this offense was committed before July 11, 2014 (such that he stopped accruing time before he accrued the 7 years of residence required for cancellation). Only the last of those findings is in dispute.[4]

There is no legal error in the agency's conclusion that Moco was ineligible

---

[4] The government argues that Moco failed to exhaust this issue. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) (holding that judicial review is limited to issues exhausted before the BIA). However, "we construe generously an applicant's *pro se* brief to the agency," and "the exhaustion requirement is satisfied when the issue raised on appeal is either a specific, subsidiary legal argument or an extension of an argument raised directly before the BIA." *Ojo v. Garland*, 25 F.4th 152, 160 (2d Cir. 2022) (alterations and quotation marks omitted). Moco's lengthy pro se filing to the BIA repeatedly asserted that his offense was committed in August 2014, more than 7 years after his admission. His arguments here, specifying which documents support that conclusion, are thus properly before us as a direct extension of the arguments presented to the BIA. *See id.*

for cancellation of removal because he committed his stalking offense before July 11, 2014. Moco argues that the agency erred by relying on the indictment—which charged him with stalking his ex-girlfriend between September 1, 2013 and August 17, 2014—and overlooking other evidence that the entirety of the stalking offense was committed in August 2014.

"[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). The record does not suggest that the agency overlooked evidence because the remaining documents were not sufficiently strong evidence of a later commission date to require explicit discussion. The PSI gives August 2014 offense dates (corresponding to second-degree contempt charges in the same indictment) in relation to the circumstances of Moco's *arrest*, but asserts that Moco's offense involved repeatedly contacting and threatening his former domestic partner beginning in September 2013—thus confirming the agency's finding. The Uniform Sentence & Commitment form gives a single offense date of August 4, 2014, but that cannot be accurate for all four counts of conviction, which included two counts of second-degree criminal

contempt charged as occurring on separate dates. In addition, Moco's own affidavit to the state court confirms that evidence was presented at trial that he found his ex-girlfriend at a restaurant and assaulted her in September 2013, and then continued the abuse by repeatedly appearing at her house and workplace and threatening her.

In sum, we cannot review the factual findings underlying the agency's application of law to fact, including its weighing of the conflicting evidence outlined above, and the record does not implicate a question of law because the agency did not ignore evidence or seriously mischaracterize the record. *See Penaranda Arevalo*, 130 F.4th at 340 ("A challenge to the agency's weighing of the evidence, or the logic it employed in drawing inferences from it, no less than a challenge to the factual findings that result from such analysis, raises questions of fact; we therefore lack jurisdiction to review [petitioner's] arguments on these points as well."). Accordingly, absent an error in the determination that Moco committed a CIMT in September 2013, he is ineligible for cancellation of removal because the offense occurred within 7 years of his July 2007 admission. 8 U.S.C. § 1229b(a), (d)(1).

For the foregoing reasons, the petition for review is DENIED.    All pending

motions and applications are DENIED and stays VACATED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court